BRYANT LEGGETT v. JAMES GLOVER and R. A. ROZIER, Executor, &c.

Notwithstanding the restrictions contained in sec. 343, C. C. P., in relation to a person's testifying as to any matter between himself and a deceased person, when his executor or administrator is a party, he may, as heretofore, be permitted to testify under the book-debt law.

CIVIL ACTION to recover a book account, commenced in a Justice's Court and carried by appeal to the Superior Court of ROBESON county, and tried before *Clarke, J.*, at the Special (January) Term, 1874.

On the trial below the plaintiff offered himself as a witness to prove the sale and delivery of the goods, the subject of the action, to the defendant Rozier's testator, contending that he was authorized to do so under the book-debt law. Defendants objected. His Honor overruled the objection and the plaintiff proved his account and had a verdict of $50 against Rozier, the executor.

The case states that the counsel for the defendant, Glover, moved to tax the costs against the plaintiff. Motion refused. Defendant, Rozier, moved the same, and prayed that the judgment should be entered against him *quando*. This too refused. Defendants appealed.

*N. A. McLean*, for appellant.
*Leitch*, contra.

READE, J. The case is so carelessly made up that we may mistake the point which the parties supposed they were presenting.

Under the old book-debt statute a party could prove his account by his own oath up to $60. Rev. Code, chap. 15, sec. 1; Bat. Rev., chap. 17, sec. 343; C. C. P., sec. 343a. •

Under C. C. P., sec. 343, a party may be a witness in his own behalf generally; but there is a restriction that he shall

not testify as to any matter between him and a person deceased, where his administrator or executor is a party. And now the question is, whether that restriction prevents him from proving his debt under the book-debt law as he could have done before.

We are of the opinion that it was no part of the purpose of the late statue, C. C. P., sec. 343, to narrow the competency of parties to be witnesses, but to widen the same; and that it must be read with the old statute, as if they all together provided that a party should be competent as a witness generally; but he should not be permitted to testify of transactions with a person since deceased, whose representative was a party, except as heretofore he was permitted to testify under the book-debt law. The effect of which is that the book-debt law stands unaltered.

The defendant pleaded "no assetts," and yet there was judgment against him. There was some irregularity in entering judgment, so that we cannot affirm it here.

The cause will be remanded to be proceeded in as the law directs, and this opinion will be certified. Defendant will pay cost.

PER CURIAM.                    Judgment accordingly.

SETTLE, J. *Dissenting.* I dissent from the opinion of the majority of the Court.