GEO. WHEATON DEANS, APPELLANT, VS. KING'S EXECU-
TRIX, APPELLEE.

1. The plaintiff in an action against an executor for professional services
   as an attorney and counsellor at law, rendered for the testator,
   after proving his book of accounts by his suppletory oath,
   offered to prove by his own oath that the services so charged
   were actually performed by him, and that the sums so charged
   were reasonable and just, but the court excluded such evidence :
   *Held,* That such exclusion of the testimony of the plaintiff as to
   those facts was error.

2. Such evidence, introduced on the part of the plaintiff by his own
   oath, is not in contravention of the law of February 14, 1874,
   which only prohibits testimony of "transaction, or communica-
   tions," in such cases.

Appeal from the Circuit Court for Duval county. .

. The facts of the case are stated in the opinion.

*Geo. Wheaton Deans* for Appellant.

*A. R. Meek* for Appellee.

MR. JUSTICE VANVALKENBURGH delivered the opinion of
the court.

Geo. Wheaton Deans brought action in assumpsit against
Rufus T. King on two promissory notes, and also an ac-
count for professional services. The defendant pleaded and
issue was joined. Subsequently the defendant died, and
Chloe W. King, his executrix, by consent of the parties,
was made a party defendant. The cause was tried in De-
cember, 1883, and the jury found for the defendant. The
plaintiff moved for a new trial for the reason that the ver-
dict is contrary "to the law and contrary to the evidence." .

The motion for new trial was denied, judgment was rendered for defendant, and the plaintiff brings his appeal.

The errors assigned are as follows:

1st. The court erred in refusing to set aside the verdict of the jury and grant a new trial.

2d. The court erred in refusing to allow the plaintiff to testify that the services charged for in his book of accounts were actually performed.

3d. The court erred in refusing to allow plaintiff to testify that the charges so made were reasonable and just charges.

The bill of exceptions as embodied in the record, except as to the formal parts, is as follows:

" Plaintiff to maintain the issue on his behalf offered his certain book of accounts, kept in the regular course of his business as an attorney and counsellor at law, containing the charges against Rufus T. King of $50, $10, $10 and $5, as set forth in his declaration in the cause, and was permitted by the said Judge to make his suppletory oath, was duly sworn, to wit: that said book of accounts was his book of original entries; that the charges therein were in his own hand writing; that they were made at the time they purported to have been made, and at the time the services were rendered." That thereupon the said Judge inspected the said book, and then and there admitted it in evidence. The plaintiff having been duly sworn further offered to testify that the services therein charged as aforesaid were actually performed by him, the said plaintiff, as attorney at law and counsellor. The defendant, by his attorney, objected to the testimony thus offered, and it was ruled out by the said Judge, and the plaintiff then and there excepted to the said ruling. The plaintiff further offered to testify that the sums so charged were reasonable and just charges. The defendant, by his attorney, objected to such testimony,

and it was ruled out by the said Judge, to which said ruling by the said Judge the plaintiff then and there excepted: The plaintiff here rested his case. The defendant offered no testimony, and the said Judge gave no charge to the jury, but submitted the said issue and the evidence so given on the said trial to the jury, and the jury aforesaid then and there gave their verdict for the said defendant."

It will be seen that the promissory notes were not proven or before the jury, and that the only question was that in relation to the professional service mentioned in the declaration, which plaintiff attempted to prove by the introduction of his book of accounts, and his own oath.

The book of accounts in this case was inspected by the Judge and admitted as evidence. That book is not before us in the record, and as there was no objection to its admission we must hold that it was proper in form, that it appeared to be a register of the business of the party and to have been honestly and fairly kept. The plaintiff in his evidence (which is nowhere contradicted in any respect, no other witness having been sworn) says that the book of accounts was his book of original entries, that the charges in it were in his own hand writing, and that they were made at the time the services were rendered. The amount claimed by the plaintiff in his declaration for such professional service was seventy-five dollars, and the book shows that amount charged in four different items. The plaintiff then offered to prove by himself that the services charged upon such book were actually performed by him as an attorney and counsellor at law. The court, upon an objection being made to such evidence, excluded it. He further offered to testify that the sums so charged were reasonable and just charges, which offer was also overruled, and he was not permitted to so testify. The laws of this State, chap. 1983, Act February 14, 1874, provides that no party

to an action, nor any person interested in the event thereof, shall be examined as a witness in regard to any " transaction or communication " between such witness and the person at the time of such examination deceased, against the executors or administrators of such deceased person. In the case of Belote vs. Bell, Adm'r, &c., 20 Fla., we have had occasion to examine this question, and there cite 17 Fla., 457 ; Ib., 809, 820. We cannot see that if the plaintiff had testified that the services so charged upon the book were actually performed and, that the sums so charged were reasonable and just charges, that he would have been testifying to any "transaction or communication " with the deceased. His testimony in those respects should have been admitted. Leggett vs. Glover, 71 N. C., 211 ; Codman vs. Caldwell, 31 Maine, 560; Cummings vs. Nichols, 13 N. H., 420 ; Strickland vs. Wynn, 51 Ga., 600 ; Abbott's Trial Evidence, 67.

The judgment is reversed and a new trial awarded.