EDWARD CHAPIN AND DAVID CHAPIN, EXECUTORS, &C. PLAINTIFFS IN ERROR, VS. E. A. MITCHELL, DEFENDANT IN ERROR.

EVIDENCE—COMPETENCY OF PARTY AS WITNESS WHERE OPPOSITE PARTY TO TRANSACTION DECEASED —BOOK ACCOUNTS, SUPPLETORY OATH TO PROVE.

1. The proviso to section 1095, Revised Statutes, prohibiting a party to an action or proceeding, or person interested in the event, etc., from testifying as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, does not prohibit the admission in evidence in favor of either party of the shop books and books of account of either party, in which the charges and entries shall have been originally made, as provided for by

15 S. C.

the act of 1854, brought forward as section 1120 of the Revised Statutes; neither does the proviso to said section 1095, Revised Statutes, prohibit the introduction in evidence of the suppletory oath of the party in connection with such books of account, to the effect that the articles charged therein were delivered, or the items of labor and services therein charged were actually performed, and that the entries thereof were made at or about the time of the transaction, and are the original entries, and that the charges have not been paid. Such books to be admissible in such cases must appear to be fairly kept and free from erasures and interlineations, to be judged of by the court.

2. Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions or information from the conduct, condition or language of another; and in a case where such transactions or communications were had between a party to a suit, or one interested in the event thereof, and a party dead, lunatic or insane at the time they are offered in evidence, they can not be testified to by such party to the suit or by any one interested in the event thereof, under the proviso to section 1095, Revised Statutes, except as to matters properly a part of the suppletory oath in connection with books of account offered in evidence under the provisions of Section 1120, Revised Statutes.

Writ of Error to the Circuit Court for Orange County.

The facts of the case are stated in the opinion of the Court.

*Massey & Baumgarten,* for Plaintiffs in Error.

*Beggs & Palmer,* for Defendant in Error.

PER CURIAM.

Defendant in error sued plaintiff in error as executors of Horace E. Chapin, deceased, and obtained judgment, and the latter sued out writ of error. The declaration contained a count that the deceased Horace E. Chapin in his lifetime became indebted to plaintiff in the sum of $300 for services rendered by him to said Chapin at his request and which he promised to pay, but failed to do so, and which defendants also failed to pay on request. There were also other common counts.

The bill of particulars was for service rendered to H. E. Chapin by E. A. Mitchell in attending, nursing and caring for him at his request during his feebleness and weakness prior to and including his last illness. Defendants pleaded that the said Horace E. Chapin was never indebted as alleged. The bill of exceptions recites that plaintiff produced several witnesses who gave evidence to prove that plaintiff had rendered the services claimed in the cause and what would be a reasonable compensation for the same.

It appears from the ordinary bill of exceptions that presents the only matters for determination on the assignments of error made, that there was testimony of both parties before the jury. Plaintiff was introduced as a witness to prove that he rendered the services sued for to Horace E. Chapin, the deceased, at a hotel in Orlando, from April, 1896, to the date of his death in April 1897. Objection was made by defendants on the grounds, first, that plaintiff was a party to the action and interested therein; second, that he was not rendered competent by section 1095, Revised Statutes. The court overruled the objections and admitted the evidence, to which

ruling exception was taken.  Plaintiff was also permitted
to testify, over the objection of defendants, that the ser-
vices rendered Horace E. Chapin were those of a nurse
and attendant of an invalid, such as giving medicine,
calling a doctor, sitting up at night to give medicine and
in attending to the general duties in a sick room.

It was proposed to prove by plaintiff what other ser-
vices he rendered Horace E. Chapin when he was not in
the sick room, and defendants objected on grounds above
stated.  The court overruled the objections, and plaintiff
testified that he served Horace E. Chapin by attending to
his correspondence and by accompanying him on his
walks from April, 1896, to April, 1897, not continuously
but only at times when he was in need of the plaintiff.
Exceptions were taken to the rulings of the court admit-
ting this testimony and they present the only questions
for our consideration.

Section 1095 Revised Statutes providing that "no per-
son, in any court or before any officer acting judicially,
shall be excluded from testifying as a witness by reason
of his interest in the event of the action or proceeding,
or because he is a party thereto; Provided, however, that
no party to such action or proceeding, nor any person
interested in the event thereof, nor any person from,
through or under whom any such party or interested
person derives any interest or title by assignment or oth-
erwise, shall be examined as a witness in regard to any
transaction or communication between such witness and
a person at the time of such examination deceased, in-
sane or lunatic, against the executor, administrator, heir-
at-law, next of kin, assignee, legatee, devisee, or survivor
of such deceased person, or the assignee, or committee
of such insane person or lunatic; but this prohibition

shall not extend to any transaction or communication as to which any such executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, survivor, or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."

For defendant in error it is insisted that the rulings of the court were not in violation of the statute as constructed by this court, and special reliance is placed on the case of Deans v. King's Exrx. 20 Fla. 533. This case belongs to a class of decisions of this court to which reference should be made in order that its bearing may appear. In 1852 this court held that a book account was not admissible as evidence of the sale and delivery of goods (Higgs v. Shehee, 4 Fla. 382), and in 1854 an act as passed providing that "in all suits and actions at law or in equity, the shop books and books of accounts of either party in which the charges and entries shall have been originally made, shall be admissible in evidence in favor of either party, provided that the credibility of such evidence shall be judged of by the jury in cases of trial at law, and by the court in cases of a hearing in equity." At the time of the passage of this act the common law disability of interested parties to testify had not been removed or modified by statute. It has remained as a part of our statutory system since it was enacted and is embraced in the Revised Statutes. Section 1120. This statute was construed in Hooker v. Johnson, 6 Fla. 730, and it was there held that the book entries to be admitted must be originally made, and contemporaneous with the transaction; that the book must appear to be fairly kept and free from erasures and interlineations, and that the party made affidavit that the articles were

delivered, or the labor and services were actually performed, and that the entries were made at or about the time of the transaction and are the original enries, and the charges have not been paid. Another case bearing on the admissibility of acount books in evidence and the oath of the party in connection therewith is Robinson v. Dibble's Admr., 17 Fla. 457, decided after the passage of the act of 1874, Chapter 1983, substantially the same as section 1095 above quoted. It was held that the purpose of this act was to enlarge and not to restrict the competency of parties as witnesses and its effect was to prohibit a party being a witness as to transactions and communications between himself and a deceased person, but such party could still make his suppletory oath as to his books of account, his cross-examination being restricted to the matter of the oath. It was also held that whether books of original entry are in such condition on account of erasures, interlineations and like causes, as to justify their submission to the jury was a question for the trial judge to determine. The result of the matter was that the statute, section 1095, *supra*, did not change the rule under the book account statute passed in 1854, and parties in interest could still make the suppletory oath in connection with such books the same as they could before the enlarging statute as to competency of witnesses was passed. The subsequent case of Deans v. King's Exrx., *supra*, proceeded upon this theory of the law. It was there held that after proving his book account by his suppletory oath he could testify that the services charged in the book and sued for were actually performed by him. It was ruled that such evidence was not in contravention of the act of 1874, which only prohibited testimony of transactions or communications in such cases.

The cases cited in support of the ruling gave no counte-
nance to the idea that the testimony there held to be ad-
missible was competent independent of the statute in
reference to the admission in evidence of account books.
In the case cited of Leggett v. Glover, 71 N. C. 211, it
appears that under an old book-debt statute a party could
prove his account by his own oath up to sixty dollars.
A subsequent statute was passed giving a party the right
to be a witness in his own behalf generally, but with a
restriction that he could not testify as to any matter
between himself and a person deceased where his executor
or administrator was a party.    It was held that it was
not the purpose of the late statute to narrow the compe-
tency of parties to be witnesses, but to widen the same,
and that a party still had the right to prove his debt by
his own testimony under the old statute.    A similar rul-
ing was made in the case of Strickland v. Wynn, 51 Ga.
600, and the other cases cited in the case of  Deans  v.
King's Exrx., *supra,* except Belote v. O'Brien in this
court, had reference exclusively to suppletory oaths in
connection with book accounts.    It was probably never
intended by the decision in the case of Deans v. King's
Exrx. to go further than to authorize an interested party
to add his suppletory oath to the extent formerly adjudi-
cated by this court in Hooper v. Johnson, in connection
with a book account.    The act of 1874, embodied in sec-
tion 1095 Revised Statutes being intended to enlarge and
not restrict the competency of witnesses, the former act
of 1854, embraced in the revision, section 1120, was not
repealed, and to the extent it goes it must be held not
to include testimony as to transactions or communica-
tions between the party, and a deceased person within
the meaning of the exception in the act of 1874, now sec-

tion 1095, Revised Statutes.  What was decided in Lewis
Exr. v. Meginniss, 30 Fla. 419; 12 South. Rep. 19, in ref-
erence to the suppletory oath in connection with the ac-
count book is not in conflict with the decision in Deans
v. King's· Exrx.  The case of Belote v. O'Brien, 20 Fla.
126, had no reference to the admission of account books
and suppletory oaths, but dealt with the admissibility
of evidence under the exceptions to the act of 1874, Chap-
ter 1983.  It was held that the exceptions in the statute
did not render a witness incompetent generally, but only
to testify to transactions and communications had with
the deceased in his lifetime, and that any party could tes-
tify to any pertinent fact if it does not come within the
exceptions.  The testimony held to be admissible in that
case related only to the value of certain medicines the like
of which was furnished to the deceased, as shown by other
evidence, and what it was worth to make and repair gar-
ments per year, and it was held not to be within the ex-
ceptions in the statute.  When books of account are of-
fered in evidence in connection with the suppletory oath
of the party, the decisions in Hooker v. Johnson, Robin-
son v. Dibble, Deans v. King's Exrx. and Lewis v. Megin-
niss, *supra,* will apply; but where the testimony has no
connection with book accounts, its admissibility must be
governed by the statute found in section  1095  Revised
Statutes.

As shown by the   abstract, the court permitted the
plaintiff to testify that he rendered the services sued for,
that is in attending, nursing and caring for the deceased
at his request, and also that the services rendered de-
ceased were those of a nurse and attendant of an invalid
such as giving medicine, sitting up at night and attending
to the general duties in a sick room.  This testimony

tends to prove such a transaction between plaintiff and deceased as would clearly show liability on the part of the latter. "Transactions and communications embrace every variety of affairs which can form the subject of negotiation, interviews or actions between two persons, and include every method by which one person can derive impressions, or information from the conduct, condition or language of another." Heyne v. Doerfler, 124 N. Y. 505, 26 N. E. Rep. 1044; Holliday v. McKinne, 22 Fla. 153. The testimony admitted is in violation of the exception in the statute that no party to the action or proceeding, nor any person interested in the event thereof, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, against the executor, etc.

The testimony in reference to correspondence and calling a doctor, brought out in the objections made, may under some conditions relate to matters not constituting a transaction or communication with the deceased, but the proposed offer of testimony implied in the question objected to called for improper evidence, and should not have been allowed. The offer was to show what other service the plaintiff rendered to the deceased not in the sick room.

For the errors in the rulings mentioned the judgment is reversed and a new trial awarded. So ordered.