## CORNELIUS GRADY, PLAINTIFF IN ERROR, vs. C. THIGPIN, ADM'R, &c., OF JEAN LABATUT, DEC'D.

1. Entries in the account book of a shop-keeper excluded as evidence where the proof was that they were made in two, three and sometimes four days after the transaction. They should have been made on the same day or the day after.
2. No objection that they were transcribed from a slate.
3. The charges should be definite, stating the quantity and kind of the article and price, and not accumulate and confound prices of different articles.

Writ of error to Franklin Circuit Court.

This was an action of assumpsit instituted on a book account.

On the trial of the case, the plaintiff offered in evidence the book of entries containing the account sued on, to which the defendant by his counsel objected. Thereupon the plaintiff introduced Jacob Lind as a witness, who testified that he had been clerk of Labatut; that the book offered in evidence was the only book kept by Labatut; that when goods were sold by witness or Labatut, they were entered on a slate kept for that purpose; that the entries so entered on the slate were transcribed by Labatut to the book offered in evidence; that sometimes the entries were made from the slate into the book on the same day, and sometimes they were not transcribed into the book from the slate for two or three days, and sometimes four days had elapsed; that he made but few entries in the book from the slate himself—not oftener than four or five times.

Thereupon the defendant objected to the introduction of said book offered in evidence, because the same was not the original book of entries, inasmuch as it was proved by

the witness that the entries were originally made on a slate, which were transcribed into the said book, sometimes on the same day, sometimes in two, three or four days.

The Court overruled the objection, and a verdict and judgment were rendered for plaintiff.

*D. P. Holland*, for Appellant.

It is contended by the appellant, that before the book offered in evidence was admissible and competent testimony to go before the jury, it was necessary for the party seeking its introduction to lay a foundation for its admission by proving: 1st, That the party had no clerk; 2nd, That some of the articles charged had been delivered; 3rd, That the book offered in evidence is the book in which the articles charged in the bill of particulars have been originally made; 4th, That he keeps fair and honest books, and this must be done by disinterested witnesses and adduced to the court; that the party's own oath nor his administrator's, if he be dead, cannot be received to establish the foregoing; that the court, upon the hearing of this testimony, is to decide as to the competency of the book; and the credit to be given to the book itself is afterwards to be determined by the jury.—Laure vs. Rowland, 7 Barbour's S. C., 108; Vosburgh vs. Thayer, 12 Johns., 461.

The statute of this State, passed Dec. 29th, 1854, (see Pamphlet Laws, 7 session, page 65,) it is contended, only admits the books as secondary evidence, and if it appears at any stage of the case that better evidence was attainable, the book is incompetent to go before the jury. In the present case, better testimony was attainable; for the witness Lind stated that he was clerk for Labatut at the time, and he ought to have been called upon to prove the sale and delivery of the goods charged, and their prices.—

Thomas vs. Dyott, 1 Nott & McCord, 186; Lamb vs. Hart's adm'rs, 1 Brevard, 105; Eastman vs. Moulton, 3 N. H., 157. Cited in 1 Smith, L. C., page 351.

The book of original entries (even when competent to go before the jury) is not evidence of the price and value of the articles charged or of the services rendered but only of the sale and delivery or of the services rendered, and then only of such items as are within the line and business of the party introducing them; and these must be of those things that are the subject of book accounts, and would not be evidence of money advanced or cash lent.— 1 S. L. Cases, page 368 and 361.

The book offered in evidence was inadmissible, because the lapse of time from the entry on the slate to the book was so great that the entries in the book did not form a part of the *res gestœ,* such entries cannot be said to have been made contemporaneous with the delivery of the goods. If, then, this is the case, and the entries did not partake of this character, they are not original entries. In Walter vs. Bollman, 8 Watts, 544, an interval of one day between the transaction and the entry of it on the book has been deemed a valid objection to the admissibility of the book in evidence. 1 Greenleaf Ev., § 117 and Note.

Entries which had been transferred from a memorandum book, some on the first, some on the second and others on the third day after, were held incompetent.— Cook vs. Ashmead—cited in 1 S. L. C., page 358.

In Forsythe vs. Norcross, 5 Watts, 432, where several intermediate days had elapsed before they were transcribed, the books were rejected in that case. The entries were made on a slate till it was full, and then, after four, five or six days, they were transcribed into the book, and three witnesses of the same occupation swear that this was a general custom, so far as they knew. The court there

say, "An entry on a card or slate is but a memorandum pre paratory to permanent evidence of the transaction, which must' be perfected at or near the time and in the routine of business, but the routine must be a reasonable one, for there is nothing in the condition of a craftsman to call for indulgence till his slate be full, or till it be convenient for him to dispose of the contents of it. The entries ought, in every instance, to be transferred in the course of the succeeding day."

If this decision be correct with regard to mechanics, *a fortiori* should it be applied to merchants, because the established rules of business are required of this class rather than of mechanics, and courts of justice should render greater indulgence to the latter class, who have less facilities for book-keeping, whose business does not require that nicety, precision and promptness in making their entries that mercantile transactions demand.

The law cannot fix any particular instance when the entry shall be made; but it must be within such time as to make the entry contemporaneous with the delivery of the goods. And when this is not done and a longer period of time elapses, such entry cannot be held to be an original entry, and this is, in every instance, a subject of enquiry for the court.—Curren vs. Crawford, 4 S. and Rawle.

In the present case, it is evident from the testimony of Lind that the book offered in evidence was not a book of *transactions as they occurred*, but a register of *past transactions*. If the book possessed the latter character, instead of the former, then it was not competent to go to the jury. The book could not have been relied upon with any degree of precision, because the charges on the book were only transcribed from the slate, and without the assistance of the person who made the original charges on the slate, and hence was inadmissible.

*T. J. Eppes*, for Appellee.

ERROR FIRST:

Either the book *was* one of original entries, *or it was not*, as it stands affected or made otherwise by use of *a slate*. What was the testimony? The clerk of Labatut was introduced, who stated that Labatut kept correct books; that the book offered in evidence was *the only* book kept by Labatut; but also stated, that a slate was kept upon which sales were entered and thence transcribed *into said book*, sometimes on same day, and in two, three and four days.

AUTHORITIES.—In case of Faxton vs. Hollis, 13 Mass., 427, where a book was offered in evidence and the plaintiff, a blacksmith, stated that he kept a *slate* in his shop on which he set down all his charges as they occurred, and that he was in the habit of transcribing the entries from the *slate* into the book, then rub out charges on slate and begin anew. *Court admitted the book*, saying, "The entries in the book may be considered *original*, although transcribed from *a slate*, the slate containing *mere memoranda*, and not being intended to be permanent."

Also see 12 Pickering, 139, case of Smith et al. vs. Sanford, where a butcher took meat round in a cart, and as he sold it *made scores* on the cart, and upon return entered them in book. Book was admitted by the court.

From this it would seem that the *mere* fact of keeping a slate or other memorandum, for the purpose of accuracy, *does not* make the book less original.

If the entries be made in account book from *memoranda taken at the time* by the party, or by his *assistant*, and intended only to serve as notes to make up the entries more accurately, "the book is an original."—Ingraham vs. Brockins et al., 9 Sergeant & Rawle, 285; Patten vs. Ryan, 4 Rawle, 408.

The fact, then, *that witness*, as clerk of Labatut, made some of the entries, is immaterial—does not vitiate.

In the case of Sickles vs. Mather, 20 Wendall, 72, the memoranda were made *by foreman* on a slate, and thence transcribed by plaintiff in a book. "The plaintiff used to take the slate home, sometimes every day and sometimes every *two* or *three* days, as was found *convenient* for transcribing;" and the court held this no objection.

Mr. Greenleaf, in his work on evidence, vol. 1, p. 155, (note,) remarks: "Whether entries transcribed *from a slate* or card into a book are to be deemed original entries or not is not universally admitted." but adds, that in Massachusetts they are admitted.—Faxon vs. Hollis, 3 Mass., 427. In Pennsylvania *they were rejected* in Ogden vs. Miller, 1 Brown, 147, but continues to say, *they have since been admitted* where they were transcribed "*forthwith*" into the book.

If these authorities are to be relied on, the book offered in evidence below must be deemed *an original*, and not in the least made less so by use of a *slate*. If, then, it was *original*, the court below acted right in admitting said book to the jury.

This brings us to *error second*, as assigned:

Does the delay of one, two or four days in transcribing entries from the slate into the book vitiate book as evidence or as book of original entries.

In the note just cited from Greenleaf is the word "*forthwith*," in reference to transcribing entries, and by way of illustration to show how it was used and understood in Pennsylvania, he cites authorities (vide Greenleaf, vol. 1, p. 155,) "as *not* later, &c., *than the evening* of the *second* day," (and cites Ingraham vs. Brockins, 9 S. & R., 285.)

"*Forthwith*," then, was not understood to mean at the *exact* date or minute of time, but has a more extended

time and signification in this connexion, *to be determined by circumstances.*

Let us look to the authorities for a *rule* upon the subject. As to time of entry, the principle is thus declared in Curran vs. Crawford, 4 Sergeant & Rawle, 3 : "The law fixes no precise time when the entry should be made; at or near the time is sufficient." Thus, in Patten vs. Ryan, 4 Rawle, 408, where the plaintiff said she first made the entries on a card and then copied them into book, "either the same evening or the next day, or as soon thereafter as she conveniently could," no *objection* was made on the *ground of delay*. And, in further explanation of word "*forthwith*," used by Greenleaf, who cites Ingraham vs. Brockins, 9 S. & R., 285, I would refer the court to vol. 1 Smith's Leading Cases, p. 357, (top,) Price vs. Earl of Torrington, where said case of Ingraham vs. Brockins (relied on by Greenleaf,) is thus commented on:

"The principle really decided in Curran vs. Crawford and *Ingraham* vs. *Brockins* is that the court will be guided by the consideration whether the first memoranda were made on such material and with such care and transcribed under such circumstances that the book of entries may be reasonably relied on."

And so in case of Hartly vs. Brooks, 6 Wharton, 189, (1841,) two books of entries were offered. As to one of these, the plaintiff testified that some of the entries were made the *first*, some *the second* day in *the evening*, and that some were taken from *the head.* some from *the slate.* Book was admitted. (The other book was objected to on another account.)

But the principle as *to time* the entries *should be transcribed*, and which supplies the most accurate *rule* on the subject, is thus stated by Justice Sergeant in case of Jones vs. Long, 3 Watts, 325, viz :

"The entries *need not* be made *exactly at the time* of *the occurrence*—it suffices if it be within a *reasonable* time, so that it may appear to have taken place while the *memory* of the fact *was recent* or the *source* from which knowledge of it was derived was *unimpaired*. The law fixes no precise instant when the entry should be made. *If made at or about the time, it is sufficient.*"

And Smith, in his Leading Cases, vol. 1, p. 359, remarks in this connexion: "A *principle* so strongly founded in *good sense* and *so consistent* with what has been decided in other States, cannot be considered *as in any degree shaken* by *loose dicta* in later cases, especially when those dicta have been thrown aside *with utter contempt* by the court that made them.

In the principle stated by Justice Sergeant, above cited, the *rule* applicable *to time* of transcribing can be seen thus: "It must be in a *reasonable* time," and this to be determined or estimated by *either* of two means, viz: The one, "So that it may appear to have taken place while the *memory of the fact was recent.*" The other, "Or the source from which a knowledge of it was derived was un-impaired."

BALTZELL, C. J., delivered the opinion of the Court.

On the trial of this case in the Court below, the plaintiff, administrator of Labatut, offered to read to the Jury, a book of entries as evidence to which defendant objected. Thereupon plaintiff introduced Jacob Lind as a witness, who testified that he had been clerk of plaintiff, deceased; that to the best of his knowledge, he kept correct books; that the book offered in evidence was the only book kept by him ; that when goods were sold by the witness or plaintiff, they were entered on a slate kept for that purpose ; that entries so made on the slate were transcribed by plain

tiff, deceased, to the book offered in evidence. That sometimes the entries were made from the slate into the book on the same day. Sometimes the entries were not transcribed into the book from the slate for two or three days, and sometimes four days had elapsed. That he made but few entries in the book from the slate himself, not oftener than four or five times. The Court permitted the book to be read in evidence, and defendant excepted. The entries read in evidence to the Jury are as follows :

*C. Grady to C Labitut,*　　　　　　　　　　　　　　*Dr.*

| | | |
|---|---|---:|
| July 8th, 1853, | To date,...................... | $ 3 75 |
| | Peck Onions, 100 lbs. Sugar,.... | 9 05 |
| | 1 gal. Lard Oil and Molasses,.... | 2 05 |
| | Liquor bill, .................. | 1 80 |
| Aug. 5— | 2 Chickens, Cognac,.............. | 1 35 |
| 6— | Potatoes, ..................... | 55 |
| 18— | Tea, 12 Chickens,............... | 4 35 |
| Sept. 13— | ½ doz. Chickens,................ | 1 50 |
| | ½ barrel Flour,................ | 4 25 |
| 30— | Molasses and Lard,............. | 1 65 |
| | Onions, ....................... | 25 |
| Oct. 3— | Liquor bill, 28th Aug.,......... | 12 20 |
| 8— | Tea and Salt, 33, beef,......... | 4 28 |
| 13— | Callaghan's order,............. | 7 50 |
| | 10 lbs. meat,.................. | 84 |
| 3— | ½ gal. Molasses,............... | 20 |
| | Liquor bill, Cigars,.......... | 18 05 |
| | | 74 12 |
| | Rec'd payment, | 7 50 |
| | | $66 62 |

In Hooker vs. Johnson, decided at the recent session of

this court at Tampa, it was held that " the relaxed rule as to the introduction of book accounts, in operation in our sister States, with the restrictions and qualifications attached thereto, should prevail here." Tested by these rules, there seems to be little objection to the evidence on account of the transfer from a slate.—1 Greenleaf, p. 155, n.; 13th Mass., 427; 6th Whart., 189.

There is greater difficulty as to the time that should elapse for the transfer, and there is not an entire agreement in this respect as to a precise time. It is enough, say some of the authorities, that it be made " at or near the time of the transaction."—1 Greenleaf, 138, n. 1; 9 S. & R., 3, 5.

The books should be kept for the purpose and contemporaneous with the delivery of the goods. Not registers of a past transaction, but memorandums of transactions as they occur.—Greenleaf Ev., 137–9, n. 1.

Again, it is said " it suffices if it be within a reasonable time, so that it may appear to have taken place while the memory of the fact was recent or the source from which knowledge of it was derived was unimpaired."—3 Watts, 325.

" When the entries were made at night or the following morning from the memorandum, it was held sufficient."— 9 S. & R., 285.

Sickles vs. Mather, 20th Wend., 72, has been quoted to the effect that two or three days was held sufficient, but we have not had access to the book containing a report of the case. An interval of one day between the transaction and the entry of it has been deemed a valid objection.—8 Watts, 344.

There may be cases in which a greater time might be allowed than is even claimed here. This will depend upon circumstances. We see no reason or propriety in allow-

20

ing a period beyond the day after the sale. This account is by a shop-keeper engaged in the sale of groceries, &c., in a town, which may be supposed to be his sole occupation. What is to prevent entries of sales by him on the same day, or, at the furthest, on the day after. To allow four days in accounts of this character would seem to be an invitation to looseness and irregularity in dealing, if not a direct encouragement to fraud. We hold, then, that the book should have been rejected, and not permitted to be read in evidence. Were the account admissible in the respects just stated, there are other grounds of objection to the greater part of it. The charges are very vague and indefinite—by no means precise—giving neither quantity, quality nor value, but accumulating items with the price in the aggregate. Scarcely an entry is free from this objection.

The judgment of the Circuit Court will then be reversed, and the cause remanded for a new trial to be had not inconsistent with this opinion.