WILLIAM H. DUNBAR, APPELLANT, VS. WRIGHT'S ADMINIS-
TRATOR, APPELLEE.

1. Books of account, when offered in evidence, are in the first instance submitted to the inspection of the court, and if from such inspection they do not appear to have been honestly and fairly kept, they are to be excluded from the consideration of the jury.

2. If upon an inspection of a book of accounts brought up in the record, this court cannot see that the court below, in excluding such book, exceeded its authority or discretion, it will not reverse the judgment of such court.

Appeal from the Circuit Court for Escambia county.

The facts of the case are stated in the opinion.

*Charles B. Parkhill* and *E. A. Perry* for Appellants.

*W. A. Blount* for Appellee.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

The plaintiff, Wm. H. Dunbar, brought his action against E. Haines, as administrator *de bonis non* of the estate of Joseph Wright, deceased, to recover an indebtedness of Wright to the said Dunbar. Attached to the declaration was a bill of particulars of the plaintiff's demand, amounting to one hundred and seventy-one dollars and seventy cents. Plea and replication were filed and the issue was tried at the December term of the court held in and for Escambia county, A. D. 1883. The judgment was for the defendant, and the plaintiff below brings his appeal. A motion for a new trial was duly made, and was overruled, and an exception taken.

The errors assigned are as follows:

I. The court erred in holding the book of accounts not

admissible in evidence under the statute, and in withholding the book of accounts from the jury, and in judging of the credibility of the proffered testimony.

II. The court erred in not granting a new trial of the cause upon the motion of the plaintiff below.

III. That the court erred in giving the judgment.

The record shows the facts as they appeared on the trial to be as follows: The plaintiff " produced and offered in evidence a certain book claiming to be a book of account, kept by said plaintiff, and alleged by plaintiff to contain the entries of indebtedness claimed by him for the whole amount of such indebtedness, and plaintiff proffered oath that the book referred to is the book kept by said plaintiff, and contains the original entries, and, were made at the time of the original transactions with Joseph Wright. Thereupon the defendant, by his attorney, objected to the introduction of said proffered oath of said plaintiff, which objection the court sustained, and this being the only evidence for the plaintiff the jury gave a verdict for the defendant." It appears from a subsequent order of the Circuit Court, permitting the record to be so amended, (which order is consented to by the attorney for the appellee as well as the appellant,) that the plaintiff duly excepted to the ruling of the court in excluding such proffered evidence and oath of the plaintiff.

The question which arises on this state of facts is, did the court err in excluding the book of account, containing what is claimed to be original entries, made at the time of the transactions with Joseph Wright, the intestate, and the evidence of the plaintiff to prove the book.

The law upon the subject of admitting original books of account as evidence is as follows: " In all suits or actions at law, or in equity in this State, the shop book and books of account of either party, in which the charges and en-

tries shall have been originally made, shall be admissible in. evidence in favor of such party : *Provided, however*, That the credibility of such evidence shall be judged of by the jury in case of a trial at law, and by the court in case of a hearing in equity." McC. Dig., 516, §15. This law was passed and approved in 1854, subsequent to the decision of this court in the case of Higgs vs. Sheehee, 4 Fla., 382.

In the year 1856, this court in the case of Hooker vs. Johnson, 6 Fla., 730, in commenting upon the change in the law, gives a construction of it as follows : " In this state of uncertainty in our own State, as to whether the rigid and strict rule shall prevail, or the more relaxed one existing in other States, it- was appropriate for the Legislature to assert the true law and thereby terminate the difficulties. This they have done by the law under consideration. They declare that the relaxed rule shall prevail that books shall be evidence, not absolutely,. but with the qualification that ' the entries and charges in it shall have been originally made,' by which we understand that there must be proof adduced to show, in the first instance, that they were so made. We think also that the law does not confine the privilege to merchants, but extends to either party in all suits and actions, whether merchants or not."

But the question involved in this case has been settled by this court in Robinson vs. Dibble, 17 Fla., 457. In that case this court says : " While there is a difference in. the decisions of the courts of other States upon the point,. whether this is a matter for the judge or the jury, this court has expressed the opinion that before the books of the party can be admitted in evidence they are to be submitted to the inspection of the court, and if they do not appear to have been honestly and fairly kept they are excluded, and if they appear manifestly erased in a material part, they will not be admitte l unless the alteration is ex-

plained." The book in this case was properly submitted to the judge, and by him, after an inspection, was excluded. It is here in the record. The account against Joseph Wright is scattered over seven pages, with no intervening charges against any one, all appearantly in one hand writing, written with a pencil, the first item being dated February 18, 1874, and the last one March 1, 1881. There are nine items in all. The first reads as follows : " February 18, 1874. Sold to Joseph Wright, one lot for 175 dollars. Received from Joseph Wright, cash $50.00." The last one reads: " March 1, 1881. Paid Dr. Fordham for Louise and Julia $5.00, by order of Joe Wright."

The other items are for money loaned, for rent for his sisters board and washing and sewing.

In Cogswell vs. Dolliver, 2 Mass., 217, Sedgwick, J., says : " The true ground of admitting the books of the party in evidence, as a foundation tor the suppletory evidence of the oath of the party, I have always understood to be, that the judge or court before whom the case is tried should, on inspection, determine that the book was proper for that purpose, and that such determination renders it competent evidence." 1 Greenleaf on Ev., §118, note 2.

We cannot say that the court below erred in the exercise of its discretion in excluding the book. The items have the appearance of being made at the same time, and the first one of date of February, 1874, is as fresh and legible, although written in pencil, as that of the last date in 1881.

It is not necessary to examine the other error assigned, as the view we have taken above is conclusive of the case.

The judgment must be affirmed.