ISAAC A. STEWART, EXECUTOR, Plaintiff in Error, v. E. L. STEWART, *Defendant in Error.*

1.  Books of account offered in evidence as such should be sub-mitted to the court for a determination upon proofs as to whether they contain charges and entries that have been originally made within the meaning and purpose of the statute.

2.  Where it does not clearly appear that charges and entries in books of account offered in evidence under the statute had

been originally made as contemplated by the statute, they should not be admitted as independent evidence.

3. If the charges and entries in books of account do not appear to have been fairly and clearly and unequivocably made and remain as original entries made practically contemporaneous with the transaction, the charges and entries are not such as are contemplated by the statute.

This case was decided by Division A.

Writ of error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the court.

*Stewart & Bly*, and *Geo. M. Robbins*, for Plaintiff in Error;

*Landis & Fish*, for Defendant in Error.

WHITFIELD, C. J.—E. L. Stewart brought an action against Isaac A. Stewart, as executor of the estate of Elizabeth P. Hasty, deceased, for services rendered the deceased as physician in her last illness.

The declaration consists of the common counts, and the bill of particulars filed with the declaration is as follows:

Daytona, Fla., Nov. 29th, 1909.
Estate of Mrs. Elizabeth P. Hasty, Dec.
————In Account with————
E. L. Stewart, M. D. ...... ...... ...... Dr.
1909.
April    12  To Visit & Treatment Self ...........$ 15.00

Stewart v. Stewart—Opinion of Court.

| | | | | |
|---|---|---|---|---|
| | 14 | do | do | do............ 15.00 |
| | 18 | do | do | do............ 15.00 |
| | 23 | do | do | do............ 15.00 |
| | 27 | do | do | do............ 15.00 |
| May | 3 | do | do | do............ 15.00 |
| | 4 | do | do | do............ 15.00 |
| | 5 | do | do | do............ 15.00 |
| | 6 | do | do | do............ 15.00 |
| | u | do | do | do............ 15.00 |
| | 7 | do | do | do............ 15.00 |
| | 8 | do | do | do............ 15.00 |
| | 9 | do | do | do............ 15.00 |
| | 10 | do | do | do............ 15.00 |
| | 11 | do | do | do............ 15.00 |
| | 12 | do | do | do............ 15.00 |
| | 13 | do | do | do............ 15.00 |
| | 14 | do | do | do............ 15.00 |
| | 15 | do | do | do............ 15.00 |
| | 16 | do | do | do............ 15.00 |
| | 17 | do | do | do............ 15.00 |

5 to 17th, inc.   To 13 nights extra service in staying in constant attention, an average of 13 hours each night, @ $10.00 per hour (169) hours................$1,690.00
1908.
  Nov. to
1909 May 17, inc. To rental and renewal of Elect.
                     battery ..................$   10.00
May 18   To bill W. Abercome Auto hire (13)
                     days ...................'.......... 195.00
      18   Bill Mrs. M. G. Pacetti, Board & Lodg-
               ing for W. W. Aberacome 13 days.. 16.50

                  Total ........................$2,211.50

————Credit————

1909, June—By check per Isaac Stewart, Execu-
tor ......................... 300.00

To balance due ..............$1,911.50

Trial was had on plea of the general issue and a plea
that defendant was never indebted except in the sum of
$300.00, which had been paid. A judgment for $1,543.00
was entered for the plaintiff and the defendant executor
took a writ of error.

At the trial the court admitted in evidence over the
defendant's objection two pages of a memorandum book
offered by the plaintiff in which the charges for his serv-
ices were entered. These entries differ materially from
the bill of particulars, and the plaintiff testified that the
entries in some particulars are incorrect, that the entries
were merely a memorandum for his own information,
that some of the entries are unintelligible to any one but
himself, and that some of the items were not entered when
the service was rendered, but were entered subsequently,
and he could not remember exactly when. One of the items
was without date and was as follows: "5 to 17—169 hr

D        H

Ex 13 X 13 at $10.00, $1,690.00." This was explained to
mean that the plaintiff had charged for 13 hours extra
time rendered the deceased as her physician for each of
13 days from May 5th, to May 17th, at $10.00 per hour,
totaling $1,690.00.

The original entries showed a charge of $30.00, for two
visits each day from May 5th to May 17th, inclusive.
Erasures and changes also appear in the original entries.
The bill of particulars and the proofs claim only $15.00

for one visit each from day May 5th, to May 17th, inclusive.

In testifying as to the discrepancy between the original entries and the bill of particulars, the plaintiff said: "I first put it down to two visits per day instead of one, feeling that I was entitled to two visits on account of staying all night, but after thinking it over, I thought that I would just charge for one straight visit, so I cut the bill down".........."and because I added on the $1,690.00, is not at all the reason I cut this out. Was my way of doing business. The bill looked so big that I thought I would cut it down."

A separate entry without date of the above quoted item of $1,690.00, for extra hours appears in the pages of the book account admitted in evidence. The plaintiff testified that he could not state exactly when this last entry was made; that he might have made the quoted $1,690.00 entry after he had rendered a bill of $2,000.00 to the executor. It was shown that Mrs. Hasty, the patient, died at 9 P. M. May 16th, so the charges for May 17th are clearly erroneous.

The original entries and the accompanying testimony are of such a character that the entries should not have been admitted to prove the propriety of the charges as made therein against the estate of the decedent. 1 Elliott on Ev. Secs. 461, 466, 468.

Section 1538 of the General Statutes of 1906 provides that "In all suits the shop books and books of account of either party, in which the charges and entries shall have been originally made, shall be admissable in evidence in favor of such party; but the credibility of such evidence shall be judged of by the jury in case of a trial at law, and by the court in case of a hearing in equity." If the charges and entries do not appear to have been fairly

and clearly and unequivocally made and remain as original entries made practically contemporaneous with the transaction, the charges and entries are not such as are contemplated by the statute.

Books of account offered in evidence as such should be submitted to the court for a determination upon proofs as to whether they contain charges and entries that have been originally made within the meaning and purpose of the statute. Where it does not clearly appear that charges and entries in books of account offered in evidence under the statute had been originally made as contemplated by the statute, they should not be admitted as independent evidence. See Spann v. Baltzell, 1 Fla. 301, 46 Am. Dec. 346; Grady v. Thigpen, 6 Fla. 668; Hooker v. Johnson, 6 Fla. 730; Robinson v. Dibble's Adm'r, 17 Fla. 457; Dunbar v. Wright's Adm'r, 20 Fla. 446; Chapin v. Mitchell, 44 Fla. 225, 32 South. Rep. 875; Lewis v. Meginniss, 30 Fla. 419, 12 South. Rep. 19.

The error in admitting the original entries in evidence is vital to the merits of the controversy and was necessarily unjust and harmful to the plaintiff. Other errors assigned and argued may not again appear.

The judgment is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.