GERMANY, JOHN, Associate Judge.
This appeal presents the single question of whether books of account were kept in such a manner as to be admissible under Section 92.36 or 92.37, Florida Statutes, F.S.A.
Appellee brought an action to require Appellant to show cause why his claim of lien should not be removed from the public records. A return to the rule to show cause, filed by Appellant, was treated by the Chancellor as a counterclaim for foreclosure of this lien. In its Final Decree, the Chancellor found for Appellant in the sum of $11.25.
Not satisfied with this award, Appellant says a greater sum would have been awarded if the Chancellor had not excluded a written memorandum which was kept by the wife of the Appellant, who was acting in her capacity as bookkeeper. The memorandum consisted of weekly entries made by the wife based on statements given to her by dragline operators who were employees of the Appellants. These statements were made from original daily records kept by the operators themselves.
At common law, “shop-book evidence” was held to be inadmissible. See 8, Harvard Law Review, 224. In 1854, the Florida Legislature passed what is now Section 92.37, Florida Statutes, F.S.A., which relaxed the strict common law rule. The Statute required:
“In all suits the shop books and books of account of either party, in which the charges and entries shall have been originally made, shall be admissible in evidence in favor of such party; but the credibility of such evidence shall be judged of by the jury in case of a trial at law, and by the court in case of a hearing in equity.”
Our Supreme Court in Stewart v. Stewart, 62 Fla. 388, 56 So. 413 (1911), had before it a case in which a memorandum book was offered which had been kept by the Plaintiff for his own information. It was to prove certain charges made by the Plaintiff for services rendered as a Doctor. Plaintiff’s testimony was that some of the entries in the memorandum book were not entered when services were rendered. The trial court allowed the memorandum book into evidence and the Supreme Court in reversing made this statement.
*733 “Section 1538 of the General Statutes of 1906 provides that: ‘In all suits the shop books and books of account of either party, in which the charges and entries shall have been originally made, shall be admissible in evidence in favor of such party; but the credibility of such evidence shall be judged of by the jury in case of a trial at law, and by the court in case of a hearing in equity.’ If the charges and entries do not appear to have been fairly and clearly and unequivocally made and remain as original entries made practicably contemporaneous with the transaction, the charges and entries are not such as are contemplated by the statute.
“Books of account offered in evidence as such should be submitted to the court for a determination upon proofs as to whether they contain charges and entries that have been originally made within the meaning and purpose of the statute. Where it does not clearly appear that charges and entries in books of account offered in evidence under the statute had been originally made as contemplated by the statute, they should not be admitted as independent evidence. See Spann v. Baltzell, 1 Fla. 301, 46 Am.Dec. 346; Grady v. Thigpin, 6 Fla. 668; Hooker v. Johnson, 6 Fla. 730; Robinson v. Dibble’s Adm’r., 17 Fla. 457; Dunbar v. Wright’s Adm’r., 20 Fla. 446; Chapin v. Mitchell, 44 Fla. 225, 32 South. 875; Lewis v. Meginniss, 30 Fla. 419, 12 South. 19.
“The error in admitting the original entries in evidence is vital to the merits of the controversy, and was necessarily unjust and harmful to the plaintiff. .Other errors assigned and argued may not again appear.
“The judgment is reversed.”
The memorandum sought to be introduced before the lower court was not made contemporaneously with the services performed but was an entry made by the bookkeeper from statements made to her by other employees. The Chancellor was correct in his ruling in excluding the memorandum on Section 92.37, Florida Statutes, F.S.A.
In addition to this Section 92.37, Florida Statutes, the Legislature in 1949 passed a Uniform Business Records As Evidence Act, which is 92.36, Florida Statutes Annotated. Section 2, which is applicable to this appeal is as follows:
“A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.”
Although Section 92.36 Florida Statutes, F.S.A. was not argued to the trial court, Appellant now contends that if the memorandum was properly excluded under Chapter 92.37, it should have been admitted under Subsection 2 of Section 92.36. While this section is an extension of Section 92.37, to liberalize the rules as to the allowance of shop book memorandum, there is a limitation which makes it within the discretion of the court as to its admissibility, based on source of information and method and time of preparation. It has not been made to appear that the court abused its discretion in that there is adequate evidence to support the court’s ruling and therefore the case is affirmed.
KANNER, Acting C. J., and SMITH, J., concur.