PER CURIAM.
Walter L. Austria, who was the defendant in the lower court, appeals an order granting the plaintiff-appellee a new trial in an automobile negligence case, which had resulted in a jury verdict of $1,000 for the appellee.
The court, in its order, ■ listed six grounds as the basis for granting a new trial. If the lower court was correct on any one of the six grounds given, we would be required to affirm.
Ground (1) of the lower court’s order is:
“The Court erred in permitting the Defendant to introduce into evidence, over Plaintiff’s objection, work records of Montgomery Ward without sufficient predicate and after the witness, the records custodian, admitted that said records were made by her only from other records and reports of *378 other persons which were not in evidence.”
The lower court admitted into evidence the work records of Montgomery Ward, where the plaintiff was working at the time of her injury. The judge concluded that it was improper to have admitted these records under the facts of this particular case. We agree.
The plaintiff had testified that due to loss of energy she had slowed down in her work and, in consequence, had lost her job. The work records contained a statement that she was laid off due to lack of work. One of the witnesses for the plaintiff, who was her immediate supervisor in charge of the Invoice Records Department at Montgomery Ward, testified the plaintiff was a willing worker and tried hard but that she could not keep up with her work as she had before, was in constant pain, and on two occasions fainted. The witness who had testified as to the records that were introduced in evidence said that the recommendation that came from tire store manager was in code. She also testified in cross-examination that she had no personal knowledge of the plaintiff’s work, work record, or reason for termination of employment except that which appeared on the personnel record and that the recommendation for lay-off by the store manager was on the basis of an appraisal made by a Mrs. Patterson, -who did not testify in the case, nor did the store manager.
The lower court judge was also of the opinion that the verdict was inadequate and that the jury failed to consider the various elements of damage. The amount of the jury verdict was $1,000 and was apparently less than the medical bills and automobile damage.
We have read the testimony in the case and cannot say that the lower court abused its discretion in granting a new trial because of the apparent failure of the jury to give any damages for pain and suffering, loss of earnings, etc. This matter is within the discretion of the trial judge and! falls within the rule laid down in Cloud v. Fallis, Fla.App.19S8, 107 So.2d 264, cert. discharged, Fla., 110 So.2d 669.
Affirmed.
ALLEN, Acting C. J., WHITE, J., and SMITH, D. C., Associate Judge, concur.