208 So.2d 310 (1968)
Oscar M. SMITH, Appellant,
v.
FRISCH'S BIG BOY, INC., a Corporation, and Joseph Henry Hall, Appellees.
No. 67-315.
District Court of Appeal of Florida. Second District.
March 20, 1968.
*311 Robert Orseck, of Podhurst & Orseck, Miami, and Wagner, Cunningham & Vaughan, Tampa, for appellant.
Charles F. Clark and Charles W. Pittman, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
PIERCE, Judge.
This is an appeal from a final judgment entered pursuant to a jury verdict in favor of appellees Frisch's Big Boy, Inc., a corporation, and Joseph Henry Hall, defendants below, and against appellant Oscar M. Smith, plaintiff below, in a suit brought for injuries received in an automobile intersection collision accident.
Suit was brought in the Hillsborough County Circuit Court by plaintiff Smith, who was driving his own car, against Frisch's Big Boy, Inc., a corporation, and Joseph Henry Hall, the employer and driver respectively of another vehicle, hereinafter referred to collectively as defendant Hall, with whose vehicle plaintiff's car collided on April 26, 1965, at the intersection of Central Avenue and Broad Street in north Tampa. Plaintiff Smith sued for personal injuries because of alleged negligence of Hall in operation of the latter's vehicle. Hall answered, denying negligence, and pleaded contributory negligence of Smith, and also counterclaimed against Smith for property damage to Hall's car.
The basic facts, as derived from the pleadings and evidence at trial, may be substantially stated as follows: Broad Street is a through street running east and west, while Central Avenue runs north and south with a stop sign warning for vehicles going south into the Broad Street intersection; Hall stopped his vehicle at the stop sign going south on Central but parked vehicles obstructed his view in looking to his left down Broad Street so that he could only see west bound traffic at an angle coming from his left; Hall moved out slowly into Broad Street, having seen nothing to his left or his right, and was going perhaps not more than five miles per hour when he heard a sharp sound of brakes and his car was struck broadside by Smith's car going west.
Smith testified he had been driving at a speed of between 30 and 35 miles per hour, the speed limit being 30, and that as he approached the intersection he saw Hall's car stopped but that Hall then started right out in front of him across the intersection, and that although he immediately applied his brakes he skidded into the left of Hall's car. Hall was apparently still moving at impact. Tampa Police Officers Whitt and Fowler, investigating the collision, found no skid marks left by the Hall car and found 51 feet of skid marks laid by the Smith car.
The foregoing is without contradiction except as to the speed of Smith's car and that is only challenged indirectly by evidence of a so-called "test run" which showed, according to Hall's contention, that Smith was going in excess of 35 miles per hour at the time of impact, rather than the 10 miles per hour he "guessed" he was going. This appeal is the outgrowth of this "test run" and presents the only point before this Court.
Although the Smith car was a 1961 Chevrolet, officers Whitt and Fowler conducted *312 the "test skid" with a 1965 Dodge. Fowler drove the test car and Whitt measured the skid mark, which was 33 feet in length. Whit testified. Fowler, who was in the Courtroom, did not. Counsel for Smith objected continuously when Hall's counsel questioned Whitt as to the rate of speed of the Dodge car at the time of the test on the ground that Whitt had no personal knowledge of the speed of the Dodge because Fowler alone had done the driving. The Court overruled all objections, and Whitt was allowed to testify that the test speed of the Dodge was 28 miles per hour which he put on his police report, relying solely upon what Fowler had told him.
Testimony as to the "test run", in seeking to show that Smith's vehicle was travelling at a faster rate of speed than otherwise indicated, was extensive and technically involved, and was replete with such experimental test jargon as "a nomograph", the "drag factor", the "coefficient of friction", the "minimum speed at braking", and "normal reaction time". But apart from the linguistic gymnastics employed, the question presented is the admissibility of Whitt's testimony as to the speed of the test car, which provided the predicate for evidence by one Dollar, an expert in accident reconstruction. So the question actually boils down to the admissibility of hearsay testimony which, in a convolution of sequences, culminated in the expert testimony of Dollar as to the speed of the Fowler car.
It is obvious that the testimony of officer Whitt as to the speed of the test car was purely hearsay. It is equally obvious that it was material and vital to Hall's case because, without it, the only testimony as to the speed of Smith's car was that of Smith himself. And inasmuch as the main contention of contributory negligence of Smith was the speed at which he was driving, Hall would have been without substantial defense absent the hearsay testimony of officer Whitt.
Hall does not dispute that such testimony was hearsay. But he contends that it was admissible upon another premise. Hall relies upon F.S. § 92.36 F.S.A., known as the Uniform Business Records As Evidence Act, as the basis for admissibility, which section is as follows:
"92.36 Business records as evidence; uniform act
(1) The term `business' shall include every kind of business, profession, occupation, calling or operation of institutions, whether carried on for profit or not.
(2) A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.
(3) This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.
(4) This section may be cited as the uniform business records as evidence act.
(5) This section shall be deemed cumulative and in addition to all other laws governing shop books, books of account and business records as evidence."
Such contention is untenable. In the first place, as its name implies, § 92.36 pertains to "uniform business records", i.e., records kept in the regular course of a continuing business. Allstate Ins. Co. v. Doody, Fla.App. 1967, 193 So.2d 687; Stewart v. Stewart, 1911, 62 Fla. 388, 56 So. 413; Parker v. Priestley, Fla. 1949, 39 So.2d 210. Here there were no such business records involved.
*313 In the second place, § 92.36 has to do with the admissibility of business records themselves, not oral testimony with reference to the contents of such records. Yates v. Helms, Fla.App. 1963, 154 So.2d 731; Austria v. Donovan, Fla.App. 1964, 169 So.2d 377. As said by this Court in Exchange National Bank of Tampa v. Hospital and Welfare Board of Hillsborough County, Fla.App. 1965, 181 So.2d 9; § 92.36 is an extension of the Shop Book Rule Statute (F.S. § 92.37 F.S.A.) and is intended to liberalize the rules as to allowance of shop books and shop book memoranda.
A police report, containing only isolated notes as to an experimental accident test run, could hardly come within the category of either a business record as contemplated by § 92.36, or a shop book as contemplated by § 92.37.
Lastly, and most importantly, neither the police record nor oral testimony as to its contents was admissible under F.S. §§ 317.131(1) and (3) and 317.171 F.S.A., which are respectively as follows:
"317.131 Written reports of accidents by drivers
(1) The driver of a vehicle which is in any manner involved in an accident resulting in bodily injury to or death of any person or total damage to all property to an apparent extent of fifty dollars or more shall, within five days after such accident, forward a written report of such accident to the department.
* * * * * *
(3) Every law enforcement officer who, in the regular course of duty, investigates a motor vehicle accident of which report must be made as required in this section, either at the time of and at the scene of the accident, or thereafter by interviewing participants or witnesses shall, within twenty-four hours after completing such investigation, forward a written report of such accident to the department."
"317.171 Accident reports confidential
All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use of the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal arising out of an accident * * *". (Emphasis supplied).
These sections have been given a liberal interpretation in favor of the privilege of confidence. Cooper v. State, Fla. App. 1966, 183 So.2d 269; Wise v. Western Union Tel. Co., Fla.App. 1965, 177 So.2d 765; Southern Life & Health Ins. Co. v. Medley, Fla.App. 1964, 161 So.2d 19; Williams v. Scott, Fla.App. 1963, 153 So.2d 18; Nash Miami Motors Inc. v. Ellsworth, Fla.App. 1961, 129 So.2d 704.
The cases from other jurisdictions cited on behalf of Hall are clearly inapplicable here, either from essential differences in the State statutes involved or from material factual differences.
It was reversible error to admit, over objections, testimony by officer Whitt as to what officer Fowler orally relayed to him as to speed of the test car, and the resultant testimony of expert Dollar as to the probable speed of the Smith car at the time of the impact based upon Whitt's hearsay testimony.
The judgment appealed is accordingly reversed and the cause remanded for a new trial.
Reversed.
LILES, C.J., and ALLEN, J., concur.