WALDEN, Judge.
The plaintiff, E.Z.E. Inc., filed a foreclosure suit against the defendants, Kenneth L. Jackson and Lilly J. Jackson, his wife, claiming that a sum in excess of $9,000 was due for principal and interest. The trial court adjudicated the foreclosure in favor of the plaintiff, but determined that the total amount owed to the plaintiff by the defendants on the note secured by the mortgage including interest was $2,000. Plaintiff appeals.
There is no doubt that the defendants executed a promissory note which was secured by a mortgage on property owned by them, and that the plaintiff was the present holder of that note and mortgage. Thus, we feel that the mortgage foreclosure order was properly entered. We find error in the methods used to determine the amount due under the note.
A ledger book kept by the defendant, Kenneth Jackson, and his wife was introduced into evidence, over the objection of the plaintiff, to prove certain payments made on the note. This book was apparently allowed into evidence under either the “shop book act,” Section 92.37, F.S.1967, F.S.A., or the “uniform business records as evidence act,” Section 92.36, F.S.1967, F.S.A., both of which provide statutory exceptions to the hearsay rule. After a review of the record and ledger book in question, we do not feel that it could be properly admitted into evidence under either statute.
The shop book act states that:
“In all suits the shop books and books of account of either party, in which the charges and entries shall have been originally made, shall be admissible in evidence in favor of such party; but the credibility of such evidence shall be judged of by the jury in case of a trial at law, and by the court in case of a hearing in equity.”
The uniform business records as evidence act provides in part:
“A record of an act, condition or event, including a record kept by means of electronic data processing, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its *339 preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.” (Emphasis supplied.)
The requirement that the entry be made “in the regular course of business, at or near the time of the act, condition or event” as specifically provided by the uniform act has long been a standard imposed on the shop book act by case law. Stewart v. Stewart, 1911, 62 Fla. 388, 56 So. 413; Grady v. Thigpin, 1856, 6 Fla. 668; Yates v. Helms, Fla.App.1963, 154 So.2d 731.
The entries in the ledger book in question were made by Jackson or his wife about a week or ten days after each job was completed. They were made from memory. One of the entries was made a month before the trial for work done sometime between 1962 and 1964. Jackson’s wife wrote in the book that the entries were to be credited toward the note secured by the mortgage at sometime other than when the entries were made.
In short, we find that entries in the ledger book in question were not made contemporaneously with the transactions involved, nor were they made in the regular course of business. From the testimony given at trial and an examination of the ledger book, we feel that it is apparent that the book is merely a collection of personal notations made by Jackson and his wife at various intervals after the transaction involved. The ledger book is totally devoid of any business regularity.
Thus, responding to the plaintiff’s first point on appeal, the receipt of the ledger book into evidence was error and harmful because it constituted the sole basis for certain claimed set-offs on the part of the defendants.
It is our opinion that the cause must be remanded with directions to conduct a new trial before the court as to the amount due to plaintiff from the defendants on account of principal and interest. We do not determine the degree to which, if at all, the defendants may use the ledger book in question to refresh their memory. See 13 Fla. Jur., Evidence, §§ 193 and 348.
Reversed and remanded with directions.
CROSS, C. J., and McDONALD, PARKER LEE, Associate Judge, concur.