249 So.2d 40 (1971)
Dora DUSINE, Appellant,
v.
GOLDEN SHORES CONVALESCENT CENTER, INC., Appellee.
No. 70-459.
District Court of Appeal of Florida, Second District.
June 9, 1971.
Ted L. Wells, Tampa, for appellant.
John Boult, of Fowler, White, Gillen, Humkey & Kinney, P.A., Tampa, for appellee.
HOBSON, Judge.
Appellant was admitted to appellee's nursing home on January 14, 1967. On March 11, she was found lying on the floor and as a result of the fall received injuries for which she brought this action. After the appellant rested the trial court *41 entered a directed verdict for the appellee and entered a final judgment thereon from which she appeals.
An examination of the facts, favorable to the appellant, from which the jury could draw reasonable inferences show the following: The appellant was supposed to be restrained at all times; that on several occasions she was seen without restraints; that on one prior occasion she had fallen out of bed; that she was mentally confused, incoherent and at times not aware of her surroundings; that on the morning of the injury in question she was put into a wheelchair and secured by a "Posey" vest restraint [the appellee through its employees knew that the patients could extricate themselves from a Posey-type restraint]; she was placed in the wheelchair by an employee of the appellee and left unattended by the employee approximately twenty minutes; thereafter the employee returned to find appellant lying on the floor with the vest restraint still on but untied.
It is appellant's contention that these facts together with all reasonable inferences that may be drawn from them by a jury are sufficient to make a prima facie case against the appellee and therefore the entry of a directed verdict for appellee was reversible error.
The appellant also submits that the trial court erred in refusing into evidence a written accident report required to be prepared by the rules and regulations of the State Board of Health relating to nursing homes and the introduction of the rules and regulations themselves.
Considering first the denial into evidence of the written accident report, the report was prepared by one Mrs. Rogers, head nurse with supervisory authority. Mrs. Rogers testified at the trial that she was not present when the fall occurred. Therefore, all information contained in the report as to facts surrounding the fall would be hearsay. Appellant argues that the written report by Mrs. Rogers conflicted with the testimony of the employee who had placed the appellant in a wheelchair with the Posey restraint and falls within an exception to the hearsay rule as a business record under Florida Statute 92.36(2), 1969, F.S.A.
Florida Statute 92.36(2), 1969, F.S.A., provides as follows:
"A record of an act, condition or event, including a record kept by means of electronic data processing, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." (emphasis supplied)
Under this statute the court is granted the discretion to determine whether or not the sources of information which were used to prepare the record sought to be introduced justifies its admission. In the case sub judice the trial court exercised such discretion and held that where sole hearsay is used to prepare the report it is not competent evidence. With this we agree and hold that the lower court did not err in denying the admission of the written accident report into evidence.
Next we consider the rules and regulations which were denied admittance into evidence. Such rules and regulations set forth that "* * * during provisions of restraint, the patient shall be observed vigilantly * * *." In Alford v. Meyer, Fla.App. 1967, 201 So.2d 489 it was held on page 491 that:
"The rationale supporting the admission of a statute, ordinance, or administrative rule or regulation as prima facie evidence of negligence is that the standard of conduct or care embraced within such legislative or quasi-legislative measures *42 represent a standard of at least reasonable care which should be adhered to in the performance of any given activity."
When viewed under this rule, the trial court erred in denying into evidence the rules and regulations of the Florida State Board of Health, Chapter 170D-2, relating to nursing homes.
We conclude that from the facts and all reasonable inferences which a jury may draw from them the trial court erred in directing a verdict for the appellee. The general rule as to the care a hospital should exercise in safeguarding its patients is set out in Sprick v. North Shore Hospital, Incorporated, Fla.App. 1960, 121 So.2d 682, as follows:
"A hospital is bound to exercise toward a patient such reasonable care as his known condition may require, the degree of care being in proportion to his known physical and mental ailments. The extent and character of the care that a hospital owes its patients depends upon the circumstances of the particular case, and the measure of the duty of a hospital is to exercise that degree of care, skill and diligence used by hospitals generally in the community and required by the express or implied contract of the undertaking. Memorial Hospital, South Broward Hospital Dist. v. Doring, Fla.App. 1958, 106 So.2d 565; Marsh v. City of St. Petersburg, Fla.App. 1958, 106 So.2d 567."
The jury could very well have determined from the facts and inferences therefrom that the appellee was negligent in caring for the appellant, particularly when considering her mental condition and the fact that she was to be restrained at all times. Had the trial court admitted into evidence the rules and regulations requiring vigilant observation of a patient during restraint, the jury certainly could have determined that the twenty minutes absence of the appellee's employee was not vigilant observation.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for a new trial.
LILES, Acting C.J., and McNULTY, J., concur.