PIERCE, Chief Judge
(dissenting).
Appellant Willie Frank Golson, Jr., appeals directly to this Court from an adverse judgment and sentence to life imprisonment consequent upon a jury verdict of guilty of murder in the first degree with the recommendation to mercy.
Golson was indicted with two others for first degree murder. One Roger Cowan was found on Sunday, June 9, 1968, at an ABC Liquor Store in St. Petersburg, where -he worked, dead from a gunshot wound in the area of his head and neck.
The evidence for the State was largely circumstantial. No weapon was found on the premises. A doctor testified that the wound was in the locality of the body where one normally would have to be left-handed to be self-inflicted, although the medical findings were compatible with suicide, and that death could have occurred at any time during the 13-hour period before the body was found. The widow testified Cowan was right-handed, owned no weapon and was not despondent.
I have carefully reviewed and considered the entire evidence and proceedings at the trial in the light of the briefs and oral arguments of the parties before this Court, and have concluded that because of certain prejudicial trial errors hereinafter mentioned the judgment of conviction should be reversed. And because of the possibility of a new trial being held I will not review the former evidence or trial proceedings extensively — only to point out the errors appearing in the record which in my considered opinion require the reversal.
Over objection, the Court allowed one Holland, an area supervisor for the ABC Liquor Stores to testify concerning an audit conducted at the store after Cowan’s death, and also allowed the auditor’s report to be put in evidence. If the admission of such evidence was erroneous it was in my view highly prejudicial, because it provided an inference to be drawn by the jury that a robbery had been committed out of which the killing developed, thus providing a predicate for a conclusion that the homicide constituted first degree felony-murder.
The only reliance of the State for admission of such otherwise inadmissible hearsay evidence was the provision of F.S. § 92.36, F.S.A., which says that inter alia—
“A record of an act, condition or event, . . . shall ... be com *37 petent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission.”
This Section, enacted originally as Chapter 26901, General Laws of 1951, known as the “Uniform Business Records and Evidence Act” is an extension of the shop-book rule statute, F.S. § 92.37, F.S.A., which itself was intended to relax the common law inadmissibility of “shop-book evidence”. But there are still definite limitations on the admissibility of such evidence under F.S. § 92.36, F.S.A., as first pointed out in Yates v. Helms, Fla.App.1963, 154 So.2d 731. Subsequently our Supreme Court has had occasion to hold inadmissible under F.S. § 92.36, F.S.A., various “ledger book entries” and “shop-book evidence” where the mandatory requirements of F.S. § 92.36, F.S.A., were not affirmatively shown. E. Z. E. Inc. v. Jackson, Fla.App.1970, 235 So.2d 337; Mastan Co. v. American Custom Homes, Inc., Fla.App.1968, 214 So.2d 103; Dusine v. Golden Shores Convalescent Center, Inc., Fla.App.1971, 249 So.2d 40.
Under authority of the foregoing cases, most of which were from this 2nd District Court, the requisites for admission under F.S. § 92.36, F.S.A., of the records here in question were not met and therefore the admissibility of such records over objection was prejudicial error.
In the trial Court and here the State relies upon the discretion reposed in the trial Court as to whether “the sources of information, method and time of preparation were such as to justify its admission”, citing as authority cases wherein it has been held that the refusal to admit such comparable evidence “failed to show an abuse” of such discretion. Safe-T-Lawn, Inc. v. Agricultural Engineering Ass’n., Fla.App.1970, 235 So.2d 25; Brevard County v. Jacks, Fla.App.1970, 238 So.2d 156; Mastan Co. v. American Custom Homes, Inc., Fla.App.1968, 214 So.2d 103.
But the cases consistently emphasize, in construing the UBREA, F.S. § 92.36, F.S.A., that the conditions set forth in the statute qualifying such business records for admission as evidence are mandatory and must be met, otherwise the records are inadmissible. See Mastan; Smith v. Frisch’s Big Boy, Inc., Fla.App.1968, 208 So.2d 310; E. Z. E. Inc. v. Jackson, Fla.App.1970, 235 So.2d 337.
These prerequisite conditions are: (1) the identity of the business records and their manner of preparation must be authenticated by the custodian of the records or a similarly qualified witness; (2) they must be made at or near the time the records were prepared and made in the regular course of business, and (3) the sources and preparation of the records must be sufficient “to justify” such admission.
These essential prerequisites are indispensable to enable such records to achieve admissibility which would be otherwise denied under the common law rule of exclusion. Yates v. Helms, Fla.App.1963, 154 So.2d 731. The facts in the instant case bear abundant support for the propriety of such requirements.
As before stated, the State attempted to carry its burden of proving first degree murder by producing evidence from which the jury could reasonably infer that homicide was perpetrated in the course of a robbery, thus constituting a felony-murder under F.S. § 782.04, F.S.A. The robbery itself was sought to be proved by showing a loss or depletion of the funds in custody of the deceased when the homicide occurred. And to this the State was relegated to proof of the supposed inventory to determine whether or not money was taken from this store at the time Mr. Cowan was shot.
*38 The sole State witness testifying as to the audit or inventory stated “my assistant did the audit”. The witness, area supervisor Holland for the liquor store, stated he was in Miami and was not present when the audit was made in Tampa, which was on June 10, 1968. He stated he did not have an office himself, that “I work from store to store in my car”. Asked “who was the custodian of these records?”, he replied, “the office manager in Orlando”, whose name was Vanoy, to whom the inventory or report was mailed from St. Petersburg sometime between June 11th and 13th, 1968. The trial was held on June 14th and 15th, 1971, over three years later, and the day before the trial started, on June 13th, 1971, witness Holland saw the original copy of the audit report for the first time, although he had seen a purported copy of it sometime “the following week when I was in the store” after the homicide.
Objection was made to the introduction of the audit inventory in evidence, but the Court overruled, observing that “this is a matter entirely ancillary to the main proceedings of the trial”. This ruling in the light of the record before us constituted prejudicial error to a reversal in my opinion. Rather than being ancillary, this evidence was the crux of the case on the issue of first degree murder.
No person testified who had actual knowledge of the keeping of the records at the St. Petersburg store. The actual records were never put in evidence. No person testified who actually had anything to do with preparation of the records. The only person testifying as to the records was area supervisor Holland whose only office was “from store to store in my car”, who was nowhere near when the audit was made, who had never even seen any of the records themselves, and had only been produced a supposed copy of the audit for the first time the day before the trial started, over three years after it had been made. All this falls far short of the requirements specified in F.S. § 92.36, F.S.A. And because the error was such as to afford a finding by the jury that the homicide was perpetrated in the commission or attempt to commit a robbery I am impelled to the view that it was of reversible quality. I would reverse.