317 So.2d 94 (1975)
KRESTVIEW NURSING HOME, INC., et al., Appellants,
v.
Helen SYNOWIEC, Etc., Appellee.
No. 74-1251.
District Court of Appeal of Florida, Third District.
June 24, 1975.
Rehearing Denied September 8, 1975.
Horton, Perse & Ginsberg, Preddy, Haddad, Kutner & Hardy, Miami, for appellants.
Weintraub & Weintraub, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and NATHAN, JJ.
*95 PER CURIAM.
The appellant, Krestview Nursing Home, Inc., was a defendant in the trial court. The appellee, Helen Synowiec, individually as widow of Frank Synowiec and as administratrix of the estate of Frank Synowiec, was the plaintiff. The plainiff received a jury verdict against the defendant and final judgment was entered thereon. This appeal is from the judgment.
Frank Synowiec suffered from a physical condition described as cerebral vascular insufficiency and organic mental syndrome. Both of these conditions are incident to what is commonly described as senility. Because of these conditions, he was placed in the Krestview Nursing Home, a "locked" nursing home where patients are not permitted to leave. Mr. Synowiec was housed on the third floor where patients who required special attention were housed. Krestview, through its doctors and nurses, recognized that patients like Mr. Synowiec have a tendency towards wandering, forgetfulness and loss of mental acuity.
Krestview sent Mr. Synowiec to Jackson Memorial Hospital for treatment without giving the hospital instructions for his special supervision. While at the hospital, he wandered off and was missing for several days until he was found dead from lack of attention.
The appellant has presented two points; the first urges that the final judgment is not supported by any proof of negligence on the part of Krestview, because no proof establishes "that the decedent had a tendency to wander and that the defendant was, therefore, guilty of any breach of duty." This point had been ably and extensively argued. In its end result it calls upon us to assess the record in the cause in order to determine whether, as a matter of law, it appears that a recovery cannot be had upon any view of the facts which the evidence reasonably tends to establish. See Mercy Hospital Inc. v. Larkins, Fla. App. 1965, 174 So.2d 408. Our review of the record shows the following facts which, if found by the jury, support the jury's finding that Krestview knew or should have known that the decedent had a tendency to wander:
(1) Mr. Synowiec was an elderly man who suffered from senility.
(2) Mr. Synowiec had deteriorated in his behavior to the point where he had to put in a "locked" nursing home.
(3) Mr. Synowiec was known to have ailments which render a patient incapable of caring for himself and which often involve wandering.
(4) Mr. Synowiec was recognized by the nursing home staff as a man who had at least a minor tendency to wander.
(5) Mr. Synowiec's entire behavior put him at the very least on the border line of a category of patient known as a "watch patient."
(6) Krestview had a history on Mr. Synowiec and knew that he was placed in the nursing home partly because Mrs. Synowiec had been unable to curb his wandering out into the street.
(7) Although Krestview did not send accompanying medical data to Jackson Hospital concerning Mr. Synowiec's senility, expert medical testimony revealed that it would have been good practice to do so because such information should accompany such a patient.
(8) Krestview recognized that Mr. Synowiec was the type of patient that required constant care and observation.
It is our conclusion that the trial judge properly submitted the cause to the jury and that the conflicting facts have been decided by that jury. We ought not substitute *96 our judgment thereon. See Crews v. Warren, Fla.App. 1963, 157 So.2d 553.
Krestview's second point urges error because the trial judge sustained plaintiff's objections to Krestview's proffered exhibits A-1 and A-2. These exhibits were two reports made by the director of the outpatient clinic of Jackson Memorial Hospital. These reports were intra-hospital memoranda and did not contain facts stated from the personal knowledge of the director but were rather his conclusions from investigations made after the event. These exhibits were not competent evidence upon the rule stated in Dusine v. Golden Shores Convalescent Center, Inc., Fla.App. 1971, 249 So.2d 40.
Affirmed.