Mary L. Conley, as Executrix, etc., of Thomas J. Conley, Deceased, Respondent, v. The Powell Corporation, Appellant.

Fourth Department, March 11, 1925.

**Contracts — existence — oral agreement by defendant to pay for building erected by testator on his premises not shown by evidence — evidence — conversation between defendant's agent, who was not stockholder of defendant, and testator not barred by Civil Practice Act, § 347.**

In an action by an executrix to recover the cost of erecting a building on the premises of the testator under an alleged oral contract between the defendant and the testator, whereby it was claimed that the defendant agreed to pay for the erection of the building, the evidence does not establish the agreement alleged.

Testimony by defendant's agent, who was not a stockholder of the defendant, as to conversations between him and the testator, was not barred by section 347 of the Civil Practice Act.

Appeal by the defendant, The Powell Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 3d day of July, 1924, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of July, 1924, denying the defendant's motion for a new trial made upon the minutes.

*J. Frank Smith*, for the appellant.

*Burt A. Smith* [*Abner T. Hopkins* of counsel], for the respondent.

PER CURIAM:

In June, 1922, Thomas J. Conley, plaintiff's testator, and this defendant, appellant, entered into a written agreement whereby, in general, said Conley agreed to press and concentrate cider for appellant on Conley's premises. Conley agreed to do all the work contemplated by the contract, including the preparatory work, and appellant agreed to furnish certain equipment and to pay Conley two cents per gallon for all cider delivered, and ten per cent of the net sale price of all pomace disposed of by appellant.

Subsequent to the execution of this contract an oral agreement was made by Conley and one Nagle, appellant's agent, providing for erecting a dryer building for the work in question on Conley's land. Whether respondent or appellant should be held liable for the cost of erecting this building furnishes the principal issue in this case.

Certain payments and allowances were conceded by the parties. As matters developed at the trial, respondent finally asked for a verdict covering balance due for cider pressing, for percentage on pomace sold by appellant, for erecting some tanks, for insulating a concentrator (for which appellant is clearly liable) and for erecting the dryer building.

A verdict was directed for plaintiff for $6,448.40, after the jury had answered four questions submitted. The second and third questions and their answers present the main questions for review in this court. By those answers it was found that appellant was liable for the cost of the dryer building in the amount of $6,714, and also for one-half the labor cost of installing the tanks.

As to the last item, if the jury found for plaintiff, it was bound, under the testimony, to find the full cost of installing, to wit, $345.90, or $80 storage charges. There was no testimony warranting the finding that appellant should pay one-half the total cost.

There was no substantial, direct testimony to support the jury finding that the said dryer building was erected by or was to be paid for by the appellant. On the other hand, there was convincing testimony to the contrary. The testimony of appellant's said agent Nagle pointed to the conclusion that Conley and not appellant was to pay for the building; and this testimony was competent, for Nagle was not a stockholder of the appellant corporation nor otherwise barred from testifying by section 347 of the Civil Practice Act. Certain letters written by appellant and received in evidence also favor appellant's theory as to the point under discussion. All the insurance policies placed on the property refer to the building as being " occupied " by appellant, although they contain the usual printed indorsement declaring

the policy void if the interest of the assured be other than uncon-
ditional and sole ownership.    It hardly seems reasonable or probable
that appellant would agree to put up, at its own cost and expense,
on another person's land, a building of a permanent nature costing
over $6,700, pursuant to a mere oral understanding, without any
compensation or provision for repayment, unless the appellant
had a right to renew its cider contract beyond the one season
covered by it.    No renewal was provided for in the written con-
tract of June, 1922, and there was no oral agreement for renewal.

The answers to questions Nos. 2 and 3 and the verdict based
mainly thereon were contrary to the weight of the evidence.

The judgment and order should be reversed on the facts and a
new trial granted, with costs to the appellant to abide the event.

All concur.    Present — HUBBS, P. J., CLARK, DAVIS, CROUCH and
TAYLOR, JJ.

Judgment and order reversed on the facts and a new trial granted,
with costs to appellant to abide event.