NATIONAL BEN FRANKLIN FIRE INSURANCE COMPANY, a Corporation, *Plaintiff in Error*, v. GASPARILLA REALTY CORPORATION, a Corporation, *Defendant in Error*.

Division B.

Opinion filed August 1, 1929.

*Hampton, Bull & Pencke*, for Plaintiff in Error;

*Campbell & Campbell* for Defendant in Error.

WHITFIELD, P. J.—An action was brought on a fire insurance policy by the defendant in error to whom the policy

had been assigned after the fire loss by the mortgagee to whom the policy was payable "as interest may appear subject, nevertheless, to all conditions of the policy." The policy was issued October 31, 1924, for a period of three years. Three amended pleas were filed and a demurrer thereto was sustained. Judgment was rendered for the plaintiff and the defendant took writ of error. The errors assigned are that the court erred (1) in sustaining the demurrer to the amended pleas and (2) in rendering final judgment.

The policy contains a provision that "this entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void * * * if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) whether by legal process or judgment or by voluntary act of the insured, or otherwise."

The first amended plea avers that Etta Benini Potts, the original insured, conveyed the insured property to Home Builders Investment Company on April 27, 1925, and the policy of insurance sued on was endorsed to the grantee and a loss payable clause was attached to the policy in favor of Etta Benini Potts who became a mortgagee of the property; that the Home Builders Investment Company, the then owner of the property, conveyed it on October 3, 1925, to J. H. Fitch and Joseph Sharado; that the policy of insurance was not endorsed to the last grantees nor was the loss payable clause changed to any one, but remained in the name of Etta Benini Potts and that "defendant was not advised of the transfer of said property and that such transfer was in violation of the direct provisions and requirements of the policy and was made without the knowledge and consent of defendant and prior

to the occurrence of the fire;" "that the policy of insurance did not contain a clause which is commonly known and described as Standard or Union or New York Mortgage clause, but contains the loss payable form," viz, ":this policy shall be held payable to * * * Etta Benini Potts * * * as her interest may appear, subject nevertheless to all conditions of the policy;" "that when the premises covered by the policy sued upon were transferred from Home Builders Investment Company to J. H. Fitch and Joseph Sharado, a material condition of the policy was violated when the assured failed to notify the defendant and or obtain its consent to such transfer." The other pleas are quite similar.

The essential averments are that the insured mortgagor conveyed the insured property to another and that the defendant insurance company "was not advised of the transfer of the property" which transfer "was made without the knowledge and consent of defendant," and that "a material condition of the policy was violated when assured failed to notify this defendant and or obtain its consent to such transfer."

The plea avers a breach by the insured mortgagor of the condition of the policy that it shall be void if a change takes place in the title of the subject of insurance by the voluntary act of the insured, unless otherwise provided by agreement endorsed on or added to the policy; and as the mortgagee's right under the policy as written is not independent of the conditions that bind the insured, but is merely as payee of the policy "as interest may appear, subject, nevertheless, to all conditions of the policy," the breach averred in the plea is a defense to the action brought on the policy by the assignee of the mortgagee. If the insurer waived the breach of condition by the mortgagor insured, such waiver may be appropriately pleaded by the

plaintiff. A waiver by the insurer of the alleged breach of condition by the mortgagor insured does not appear by the record so it is not involved in the ruling on the demurrer to the pleas or otherwise on the present record.

The demurrer to the pleas should have been overruled.

Reversed for appropriate proceedings.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.