Lee Gieseke, Administrator of the Estate of William Gieseke, Deceased, Plaintiff-Appellee, v. Hardware Dealers Mutual Fire Insurance Company, a Corporation, Defendant-Appellant.

Gen. No. 64–86.

Second District.

July 9, 1965.

120

 

 

Berchem, Schwantes & Thuma, of Chicago (Michael J. Thuma, Richard Owen Young and Warren E. Eagle, of counsel), for appellant.

Carbary, Carbary & Chapski, of Elgin (George D. Carbary and Robert A. Chapski, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This is the second appeal of this case—the first was reported in 46 Ill App2d 131—and sets forth the detailed factual background of the litigation. Briefly, the plaintiff, as administrator of the estate of his deceased son, sued M. F. Wallensack and the Hardware Dealers Mutual Fire Insurance Company for the sum of $10,000, allegedly the amount of death indemnity which should have been included in an automobile insurance policy ordered by or on behalf of the decedent.

The insurance was ordered shortly before the death of the decedent, but the policy did not arrive until thereafter. When received, the policy did not contain a provision for the $10,000 accidental death benefits claimed. Plaintiff sued Wallensack, as agent for the insurance company, and the insurance company, and recovered a joint judgment against both defendants in the sum of $10,000.

On the prior appeal, this court held that Wallensack acted as agent for the defendant insurance company and that the plaintiff and his son so knew and under-

stood this to be his capacity. (46 Ill App2d 131, 140.) Under those circumstances, this court held the agent, Wallensack, could not be held liable for the acts of his disclosed principal, reversed the judgment in its entirety, and remanded the cause with directions to render judgment in favor of the defendant, Wallensack, and in bar of the action as to him. No further directions were given.

Upon remandment, the trial court entered judgment for the defendant, Wallensack, and at the same time ordered that execution issue against the defendant insurance company, on the judgment previously rendered against it. The defendant insurance company then perfected this appeal from the order directing that execution issue, and asked that the order be reversed and judgment entered for it, or that it receive a new trial.

■ The issue on this appeal is whether the trial court's action in ordering that execution issue was in conformance with the prior opinion and mandate of this court. Ptaszek v. Konczal, 10 Ill2d 326, 327, 140 NE2d 725 (1957). As to the specific directions contained in the previous order and mandate, they must be followed by the trial court. The People v. National Builders Bank, of Chicago, 12 Ill2d 473, 477, 147 NE2d 42 (1958); also, see 3 ILP, Appeal and Error, secs 990, 1000, pp 234, 250. It is not necessary, however, that specific directions be given by the appellate tribunal, and, if not given, it is then the duty of the trial court to examine the appellate court's opinion and determine from it, and the nature of the case, what further proceedings would be proper and not inconsistent with the opinion. Roggenbuck v. Breuhaus, 330 Ill 294, 297, 298, 161 NE 780 (1928); The People v. Waite, 243 Ill 156, 161, 90 NE 183 (1909).

■■ The action of the trial court in ordering the issuance of an execution on the judgment previously

reversed, was improper. An execution may issue only on a valid judgment. The order of this court on the prior appeal was that the judgment is reversed and the mandate directed "the judgment of the Circuit Court of Kane County in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed, . . . ." Thus, the judgment which had been rendered by the circuit court of Kane County was reversed in its entirety; it was totally abrogated and no longer in existence. The Willett Co. v. Carpentier, 4 Ill2d 407, 412, 123 NE2d 308 (1954); De Vries v. United Employers' Corp., 309 Ill App 639, 642, 33 NE2d 728 (2nd Dist 1941). The judgment could not thereafter be the basis for the issuance of an execution.

██ Had this court, on the prior appeal, been of the opinion that the judgment, as to the defendant insurance company, should stand, it could have reversed the judgment as to Wallensack only. (Ill Rev Stats 1963, c 110, par 50(7).) Under such circumstances, an execution could have thereafter issued on the judgment remaining against the defendant insurance company.

██ The Supreme Court in Chmielewski v. Marich, 2 Ill2d 568, 119 NE2d 247 (1954) discussed in detail the common-law rule that a judgment against joint defendants must be treated as an "entirety" and stand or fall as a "unit." In clearly disposing, once and for all, of the inflexible common law rule, the court on page 576 stated:

"Upon a full consideration of the problem, we are of the opinion that the question of whether or not a judgment against defendants who are liable jointly, or jointly and severally, is to be treated as a unit should not be determined arbitrarily by rule of thumb, but on the basis of those factors which have to do with the substantive rights of the litigants. . . . We hold, therefore, that when a judgment or decree against two or more defend-

123

ants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others, and should not be vacated as to any of the others unless it appears that because of an interdependence of the rights of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them."

This court did not deem it proper, under the guidelines set forth by the supreme court, to permit the judgment to stand against the defendant insurance company, and, hence permit an execution to issue on the judgment for very apparent reasons. In the prior opinion this court pointed out that the testimony of Wallensack relative to his conversations with the decedent was stricken by the trial court under the provisions of section 2 of the Evidence Act. (Ill Rev Stats 1963, c 51, par 2.) This was proper as long as he was a defendant in the suit.

██ ██ Under the circumstances of this case, section 2 barred the testimony of Wallensack in that he was a "person directly interested in the event thereof." After the appellate court reversed the judgment and remanded with directions to the lower court to render judgment in favor of Wallensack, he was no longer disqualified from testifying by virtue of his being a "party" to the action. This disqualification was thereby removed. Hawthorne v. New York Cent. R. Co., 2 Ill App2d 338, 341, 342, 119 NE2d 516 (4th Dist 1954). However, the plaintiff contended that Wallensack's testimony was still suspect due to the fact that he was an agent of the defendant insurance company and could perhaps be subject to an action over for liability, and thereby he was a "person directly interested in the event thereof." This question has been settled: the answer is negative.

In the case of Feitl v. Chicago City Ry. Co., 211 Ill 279, 71 NE 991 (1904), the supreme court stated on page 285 that the decision in Illinois Cent. R. Co. v. Weldon, 52 Ill 290, in 1869 "has always been regarded as establishing the law on the subject, and it has never been held that a servant is incompetent as a witness in an action against his master on account of a liability over, in a subsequent action by the master." ■■■ The supreme court at page 286 of the Feitl case defined the test as to whether the witness is "directly interested in the event," as being "whether he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action."

Wallensack cannot either gain or lose as a direct result of the action against the insurance company. The record cannot be admitted in a subsequent case against him to prove or disprove the facts upon which a judgment against the insurance company might be based. He is no longer a party to the suit, and thus is not in a position to control the proceedings, examine and cross-examine the witnesses, or to appeal from a decision against the insurance company. Consequently, such judgment could neither bar Wallensack, nor could the record be proof against him of the insurance coverage ordered by decedent. Bellman v. Epstein, 279 Ill 34, 37, 38, 116 NE 707 (1917); Feitl v. Chicago City Ry. Co., supra, at 287, 288. Wallensack's interest is not the direct, certain and immediate legal interest necessary to disqualify him as a witness under the Evidence Act, but rather, it is consequential and indirect.

The judgment was vacated as to the defendant insurance company as well as to Wallensack because of the removal of the disqualification of the witness, Wallensack. As to the latter, the prior decision of this Court was a decision on the merits and disposed of the case

as to him. As to the insurance company, however, it was not for this court to speculate on what would be the effect, on the outcome of the case, by virtue of the removal of the disqualification of the witness, Wallensack. The trier of fact may find that Wallensack's testimony relative to the conversations he had with plaintiff's intestate, which had previously been inadmissible, alters the insurance company's liability. The present competency of the witness, Wallensack, in view of the crucial issue of the nature of insurance coverage ordered, is the type of situation indicated in Chmielewski where it would be prejudicial and inequitable to permit the judgment to stand as to the other defendant.

We hold that the trial court in proceeding in conformity with the views expressed in the prior opinion of this court should have proceeded with a new trial as to the defendant insurance company. The order of the trial court that execution issue against the defendant insurance company is accordingly reversed, and the cause is remanded with directions to proceed with a new trial as to such defendant.

Reversed and remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.