193 So.2d 687 (1967)
ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Authorized to Do Business in Florida, Appellant,
v.
Terry Alan DOODY, a Minor, by and through His Mother and Next Friend, Patricia A. Doody, and Patricia A. Doody, Individually, Appellees.
No. 66-136.
District Court of Appeal of Florida. Third District.
January 17, 1967.
*688 Dean, Adams, George & Wood, Jeanne Heyward, Miami, for appellant.
Headley & Sudduth, Sam Daniels, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PER CURIAM.
Patricia A. Doody, individually, and as mother and next friend of Terry Alan Doody sued Allstate Insurance Company to recover on an insurance policy issued by Allstate to John H. Doody, Jr., for coverage C1-Automobile, Medical Payments Insurance and C2-Automobile Death Indemnity Insurance. Mr. Doody was involved in a fatal accident on November 6, 1964, and his minor son, Terry Alan Doody, received personal injuries in the accident. Patricia A. Doody was the wife of John H. Doody, Jr., and is now his surviving spouse.
Allstate admitted that a policy was issued to Mr. Doody and was in effect on November 6, 1964, but denied that the policy in effect on that date provided for C1 and C2 coverage.
The cause proceeded to trial on the sole issue of whether or not there was coverage. The jury returned a verdict in favor of Patricia A. Doody, individually, and Terry Alan Doody, by and through his mother and next friend, Patricia A. Doody.
Allstate attempted to show that the coverage in question had been cancelled by the named insured, Mr. Doody, and that a new endorsement had been issued as a result of the named insured's request.
Allstate proffered testimony of its agent, Michael A. Asafaylo who worked on commissions based on the amount of business sold. Mr. Asafaylo would testify that Mr. Doody called him on the telephone on June 24, 1964 and requested that the coverage in question be cancelled, and in accordance with the request the agent wrote to Allstate's Saint Petersburg office for change in coverage. Allstate also proffered exhibits allegedly prepared and received in the regular course of business and a part of the business records or permanent policy file of the insured maintained in its Saint Petersburg office reflecting cancellation of the coverage in question and a reduction in premiums of $36.00. However, the trial judge determined that the testimony of the agent was incompetent and the exhibits inadmissible under the provisions of § 90.05 Fla. Stat., F.S.A. commonly referred to as the Dead Man's Statute. The statute reads as follows:
"No person, in any court, or before any officer acting judicially, shall be excluded from testifying as a witness by reason of his interest in the event of the action or proceeding, or because he is a party thereto; provided, however, that no party to such action or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom *689 any such party, or interested person, derives any interest or title, by assignment or otherwise, shall be examined as a witness in regard to any transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, or administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, or the assignee or committee of such insane person or lunatic; but this prohibition shall not extend to any transaction or communication as to which any such executor, administrator, heir at law, next of kin, assignee, legatee, devisee, survivor or committeeman shall be examined on his own behalf, or as to which the testimony of such deceased person or lunatic shall be given in evidence."
The purpose of this statute is to enlarge, not to restrict, the competency of witnesses. If a witness was competent by the common law he is competent under the proviso of this statute.[1] "It is well settled, however, that, by the common law, agents, carriers, factors, and other servants of this description constituted a class of special exceptions to the general rule that a witness interested in the subject of the suit is not competent to testify on the side of his interest. This principle was extended to every species of agency or intervention by which business was transacted, unless the case was overborne by some other rule that took the agent out of the exception." (Citations omitted.)[2]
The rule that a mere agent, who is not a stockholder nor has any other disqualfication, is not barred from testifying has been followed in this jurisdiction as well as the majority of other jurisdictions with statutes similar to § 90.05.[3]
Therefore, Michael A. Asafaylo, who was no more than an agent of Allstate and not a party to this suit, was not barred from being examined as a witness in regard to any transaction or communication with the deceased against the deceased's survivor. Section 90.05 was designed to protect the interests of decedents, and is only appropriate to suits against parties in their representative capacities.[4]
Shop book evidence was inadmissible at common law; however, by statute, the Legislature provided for their admissibility before the common law disability of interested parties to the transaction had been removed.[5] The statute removing the common law disability of interested persons did not change the rule under the shop book and *690 books of account statute. The syllabus by the Supreme Court in Chapin v. Mitchell, supra note 5 states:
"The proviso to section 1095, Rev.St. [predecessor to § 90.05 Fla. Stat., F.S.A.] * * * does not prohibit the admission in evidence in favor of either party of the shop books and books of account of either party, in which the charges and entries shall have been originally made, * * *; neither does the proviso to said section 1095, Id., prohibit the introduction in evidence of the suppletory oath of the party in connection with such books of account, to the effect that the articles charged therein were delivered, or the items of labor and services therein charged were actually performed, and that the entries thereof were made at or about the time of the transaction, and are the original entries, and that the charges have not been paid. Such books, to be admissible in such cases, must appear to be fairly kept, and free from erasures and interlineations, to be judged of by the court."
The act providing for the admissibility of shop books and books of account has remained with little modification and is presently embraced in § 92.37 Fla. Stat., F.S.A. In 1949, the Legislature passed a Uniform Business Records As Evidence Act which is § 92.36 Fla. Stat., F.S.A. Section 92.36 is an extension of § 92.37 to liberalize the rules as to the allowance of shop book memorandum.[6]
Thus, where properly presented, shop books, books of account and business records are admissible in evidence and are not barred by § 90.05 Fla. Stat., F.S.A.[7]
It is also asserted on appeal, though not at trial, that the excluded evidence was not material and, even if admitted, could not have changed the result of the case.
The policy provided that, "the named insured may cancel this policy by mailing to Allstate written notice stating when thereafter such cancellation shall be effective. * * *" It is argued that in view of this policy provision, the proffered testimony was insufficient to show a cancellation of coverage since it tended to show an oral rather than a written request for cancellation.
The above provision provides a method of cancellation for the insured. However, a policy of insurance may be cancelled by mutual consent of the contracting parties notwithstanding a provision in the policy specifying a method of cancellation.[8] In addition, the requirement for notice in writing and that the notice shall state when thereafter the cancellation shall be effective are for the benefit of the insurer and may be waived by the insurer.[9] The word "thereafter" means no more than that the insured may not select a cancellation date prior to the date of the notice.[10]
The proffered testimony and evidence was material to establish whether *691 Allstate waived the requirement of written notice and consented to the insured's alleged oral request to cancel C1 and C2 coverage.
Therefore, the trial court erred in refusing to admit into evidence the proffered testimony and those exhibits which were proffered and which the court finds properly presented as shop books, books of account or business records.
Accordingly, the judgment must be reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] Adams v. Board of Trustees, 37 Fla. 266, 20 So. 266, 273 (1896).
[2] Id. at 274.
[3] Atlantic Coast Line R. Co. v. Mallard, 54 Fla. 143, 44 So. 366 (1907); McClure v. Century Estates, 96 Fla. 568, 120 So. 4 (1928); Parker v. Priestley, Fla. 1949, 39 So.2d 210; Gieseke v. Hardware Dealers Mutual Fire Ins. Co., 61 Ill. App.2d 119, 208 N.E.2d 900 (1965); insurer's agent no longer party to suit not disqualified; Bonacci v. Prudential Ins. Co. of America, 242 App.Div. 475, 276 N.Y.S. 27 (1934), insurer's agent not disqualified; Conley v. Powell Corporation, 212 App.Div. 324, 208 N.Y.S. 596 (1925), agent of corporation not a stockholder nor otherwise barred was competent; Sargeant v. National Life Ins. Co., 189 Pa. 341, 41 A. 351 (1899), insurer's agent who negotiates policy not incompetent; Morrison v. Walker Bank & Trust Company, 11 Utah 2d 416, 360 P.2d 1015 (1961); Scholz v. Standard Acc. Ins. Co., 145 Va. 694, 134 S.E. 728 (1926), insurance agent held competent; Nolan v. Standard Fire Ins. Co., 243 Wis. 30, 9 N.W.2d 74 (1943), commissioned insurance agent as distinguished from stockholder, officer or trustee of corporation not prohibited from testifying; see Home Ins. Co. of New York v. Handley, 120 Fla. 226, 162 So. 516 (1935), insurance agent party to suit incompetent.
[4] McDougald v. Couey, 150 Fla. 748, 9 So.2d 187 (1942).
[5] Chapin v. Mitchell, 44 Fla. 225, 32 So. 875 (1902).
[6] Yates v. Helms, Fla.App. 1963, 154 So.2d 731.
[7] Parker v. Priestley, supra note 3, 39 So.2d at 215; Chapin v. Mitchell, supra note 5; Lewis v. Meginniss, 30 Fla. 419, 12 So. 19 (1892); See Wilson v. Prudential Ins. Co. of America, 276 Mich. 232, 267 N.W. 824, 825, 826, for extensive citation of authorities.
[8] Continental Casualty Co. v. Giller Concrete Co., 116 F.2d 431, 433 (5th Cir.1940); Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704 (1937); 8 Appleman, Insurance Law and Practice § 5011 at 598; 152 A.L.R. 97.
[9] Kudrna v. Great Northern Insurance Company, 175 F. Supp. 783, 789 (D.Mont. 1959); Degnan v. Metropolitan Life Ins. Co., 178 Misc. 312, 34 N.Y.S.2d 238.
[10] Kudrna v. Great Northern Insurance Company, supra; Nobile v. Travelers Indem. Co of Hartford, Conn., 4 N.Y.2d 536, 176 N.Y.S.2d 585, 152 N.E.2d 33; Contra, Suennen v. Evrard, 254 Wis. 565, 36 N.W.2d 685, 8 A.L.R.2d 200 (1949), holding provision must be strictly complied with and written notice ineffective without specifying date of cancellation.