WALDEN, Judge.
The First National Bank at Orlando brought suit for the use and benefit of Quality Cadillacs-Continentals, Inc. under the bank’s contract rights in an automobile collision policy issued by the Southern Insurance Company. From a final judgment in favor of the bank of $1680 the insurance company appealed. We affirm.
The policy sued upon was issued by the defendant to Charles Lee Ross, as the named insured, and the First National Bank at Orlando, as the loss payee, under a simple loss payable or open mortgage clause.[1]
The particular automobile had been sold to the insured by Quality Cadillacs-Con-tinentals, Inc., on August 8, 1966, under a retain title contract. This contract was assigned to the First National Bank with full recourse and was later satisfied by Quality Cadillacs-Continentals, Inc., on October 10, 1966, one month after the loss.
The car dealer arranged for the insurance and paid the first year’s premium in advance on behalf of the insured. The policy ran from September 2, 1966, to September 2, 1967. Thereafter, no one heard from or saw Ross again, and no payment was received from him. Neither was anyone aware of the whereabouts of the automobile.
According to the evidence, the vehicle was wrecked by Ross on September 2, 1966, near Milton, Florida. However, this was not known to any of the parties involved until May 22, 1967, when an auto parts dealer in Pensacola telephoned Quality Cadillacs-Continentals, Inc. and told them that he had the car. Quality Cadillacs immediately notified the insurance company, which refused to make payment under the policy.
The insurance company maintains that under a simple loss-payable or open-mortgage clause the mortgagee stands in the shoes of the insured, and is precluded from recovering under the policy if the insured has breached the conditions of the policy. Thus, in the instant case the bank would be unable to recover because of the failure of the insured to notify the company as soon as practicable and to file a proof of loss statement since both of these acts are required by the terms of the policy.
As a general statement of the law, the above contention of the insurance company is correct. Under a loss-payable or open-mortgage clause, as opposed to a union or standard mortgage clause, the mortgagee’s interests depends upon the compliance of the insured with the terms and conditions of the policy. National Ben Franklin Fire Ins. Co. v. Gasparilla Realty Corporation, 1929, 98 Fla. 362, 123 So. 736. Whereas with a union or standard mortgage clause the language of the policy specifically provides that the interest of the mortgagee cannot be affected by the acts or failures to act of the insured. National Casualty Company v. General Motors Acceptance Corporation, Fla.App.1964, 161 So.2d 848. However, as stated in 29 Am.Jur., Insurance, § 730:
“ * * * [Wjhile the mortgagee’s right of recovery under an indorsement on a policy issued to the mortgagor containing a simple mortgage clause making the loss payable to the former may be defeated by any breach of conditions by the insured before the loss occurs, it cannot be defeated by an act of the insured after the loss has occurred.”
Thus, the rights of the mortgagee under a loss-payable or open-mortgage clause are generally determined at the time of the loss, and will not be affected by the subsequent failure of the insured to notify the company or file a proof of loss, 29 Am. Jur., Insurance, § 1397; McDowell v. St. Paul Fire & Marine Ins. Co., 1913, 207 N.Y. 482, 101 N.E. 457, provided the mortgagee *304 does so within a reasonable time after he learns of the insured’s failure to so provide. Union Institution for Savings in City of Boston v. Phoenix Ins. Co., 1907, 196 Mass. 230, 81 N.E. 994. In the instant case we do not feel that it was necessary for the bank to file a proof of loss since the claim had already been denied because of the delay in notification. Keel v. Independent Life and Accident Insurance Company, Fla. 1957, 99 So.2d 225.
Affirmed.
OWEN, J., concurs.
CROSS, C. J., dissents, with opinion.

. The policy specifically provided: “Any loss is payable as interest may appear to the named insured and First National Bank of Orlando, Orlando, Florida.”