764 So.2d 901 (2000)
ALLSTATE INDEMNITY COMPANY, Appellant,
v.
Jaikshen MOHAN, et al., Appellees.
No. 5D99-3626.
District Court of Appeal of Florida, Fifth District.
August 11, 2000.
Lori J. Caldwell and David B. Shelton of Rumberger, Kirk & Caldwell, Orlando, for Appellant.
R. Edward Cooley of Shepherd, McCabe & Cooley, Longwood, for Appellees.
SAWAYA, J.
Allstate Indemnity Company (Allstate) appeals a summary judgment entered in favor of Jaikshen Mohan (Mohan) in a declaratory judgment action filed by Mohan to determine whether coverage existed under an insurance policy issued by Allstate. Based on our determination that there was no ambiguity in the policy, and because Mohan failed to timely renew his policy, we reverse and remand for entry of judgment in favor of Allstate.
Allstate issued a six-month automobile insurance policy to Mohan, which policy expired by its own terms on July 5, 1995. On June 6, 1995, Allstate issued renewal declaration pages which contained an offer to renew coverage for another six-month period for a stated premium. This offer of renewal specifically provided, "This is a renewal offer only. Insurance described in this document will go into effect only if your premium payment is received by us when due. A bill will be mailed to you separately." It is undisputed that Mohan did not pay the renewal premium before the expiration of the original policy on July 5, 1995, as required by the original policy provision captioned "Termination." The Termination provision states, "If we offer to renew your policy and your required premium payment isn't received on or before the end of the then current policy period, your policy will terminate on the *902 expiration date of the then current policy period." (Emphasis in original).
Under the clear and unambiguous provisions of the original policy and the offer of renewal, the renewal policy could not come into existence unless the premium quoted in Allstate's offer of renewal was paid prior to the July 5, 1995 expiration date of the original policy. The trial court found that Mohan did not tender the premium payment until the date of the accident, September 1, 1995, well after the expiration date of the original policy. Although Allstate offered to renew the policy, Mohan refused the offer by failing to timely tender the premium payment. Therefore, there was no renewal policy in effect on the date of the accident and there was no coverage at the time of the accident.
To reach its conclusion that Mohan should be afforded coverage, the trial court found that the policy language is ambiguous, citing the term "renewal policy" in the section captioned "Cancellation." This section states in pertinent part:
After your original policy has been in effect for 60 days, or if this is a renewal policy, Allstate will not cancel or reduce your coverage during the policy period unless:
1. The premium is not paid when due.
2. There is material misrepresentation, fraud, or concealment of material facts.
3. You or any member of your household has had a driver's license suspended or revoked.
4. Allstate has mailed notice within the first 59 days the original policy has been in effect that we do not intend to continue the policy.
After your original policy has been in effect for 60 days, or if this is a renewal policy, we will give you notice as follows:
1. If we cancel because you did not pay the premium, the date of cancellation will be at least 10 days after the date of mailing.
2. If we cancel for any reason other than non-payment of premium, we will give you 45 days notice.
If we do not intend to continue the policy beyond the current policy period, we will mail you notice at least 45 days before the end of the policy period.
We will mail any cancellation notice by registered or certified mail or United States Post Office proof of mailing to you at your address shown on the Policy Declarations. A refund, if due, will be proportional to the time your policy has been in effect, but cancellation will be effective even though the refund is not made immediately.
(Emphasis in original). The trial court found that the reference to "renewal policy" creates an ambiguity "which seems to indicate that whether the policy is a renewal policy or an original policy, it will not be cancelled without notice sent by certified mail, return receipt requested." We disagree. The quoted policy provisions create a clear distinction between the cancellation of an existing policy and the termination of a policy at the end of its term when the insured fails to properly renew it. This distinction is central to our conclusion that the trial court erred as a matter of law in finding that Allstate was required to send notice of cancellation to Mohan.
The statutory requirements for issuance of notice of cancellation of insurance policies are found in sections 627.728 and 627.7281, Florida Statutes. Pursuant to the pertinent provisions of these statutes, we conclude that a notice of cancellation does not have to be sent when a policy terminates because the insured fails to accept an offer to renew by timely paying the designated premium prior to the expiration term of the original policy. See § 627.728(2)(c), Fla. Stat. (1995) ("Nothing in this subsection shall apply to nonrenewal."); § 627.728(3)(b), Fla. Stat. (1995) ("Nothing in this subsection shall apply to nonrenewal"); Williams v. Security Mut. Cas. Co., 377 So.2d 733 (Fla. 3d DCA *903 1979); Travelers Indem. Co. of Rhode Island v. Mirlenbrink, 345 So.2d 417 (Fla. 2d DCA 1977); Safeco Ins. Co. of Am. v. Oehmig, 305 So.2d 52 (Fla. 1st DCA 1974). Simply stated, sections 627.728 and 627.7281 establish the procedures to be followed when the insurer seeks to cancel an existing policy or gives notice of nonrenewal; the procedures are inapplicable to instances where the insurer offers to renew and the insured does not timely pay the required premium in order to accept the offer. Therefore, Allstate was not required to issue Mohan a cancellation notice for a policy that no longer existed.
The trial court relied on the decisions in Boman v. State Farm Mutual Automobile Insurance Co., 505 So.2d 445 (Fla. 1st DCA 1987), review denied, 509 So.2d 1119 (Fla.1987) and Hepler v. Atlas Mutual Insurance Co., 501 So.2d 681 (Fla. 1st DCA 1987) in granting summary judgment in favor of Mohan. However, these cases are clearly distinguishable and thus inapplicable to the facts of the instant case. In Hepler, the insurer conceded that at no time prior to the date of the accident did it contact its insured and advise her that it would not renew or continue the coverage beyond the original policy term. Moreover, the insurer in Hepler did not send the insured a premium due notice or an application for insurance beyond the policy term. The court thus concluded that the strong public policy considerations underlying the notification requirements of sections 627.728, Florida Statutes applied and precluded summary judgment in favor of the insurer. However, the court recognized that the statute is inapplicable to nonrenewal and that several other decisions have drawn a distinction between cancellation and nonrenewal.
Similarly, the court in Boman noted that the statute creates an implied duty on the insurer to notify the insured of the amount of the renewal premium and the date it is due. Thus the court reversed summary judgment for the insurer because the record failed to establish that the insurer sent the required notice that the renewal premium was due. As in Hepler, the court distinguished those cases where the insurer gives notice of renewal premium prior to the expiration of the policy. We conclude that Hepler and Boman do not apply to the instant case because Allstate did send its renewal offer, which included the amount of the premium that was due, prior to expiration of the original policy. The problem Mohan has in this case is not that the notice of cancellation provisions of the statutes were not complied with, but that he simply failed to timely accept Allstate's offer of renewal. He may not use the decisions in Hepler and Boman to resolve that particular problem.
Parenthetically, we note the decision in Cummins v. Allstate Indemnity Co., 732 So.2d 380 (Fla. 4th DCA 1999), because of the similarity in the facts of that case to the instant case. However, we find Cummins is also clearly distinguishable because the issue in that case was whether Allstate was obligated under the facts of that case to send the insured a bill for the premium payment after she received her renewal package. The evidence in Cummins revealed that the renewal package contained several statements specifically advising her that a separate bill would be mailed to her for the premium payment and that the insured was instructed to watch for the bill in the mail. Additionally, she was sent and received a proof of insurance card which she was instructed to keep with her. The issue in that case was whether Allstate was estopped to deny coverage because it led the insured to believe that she was covered and that she did not have to pay the premium until she actually received the bill in the mail. The court found that the material facts regarding this issue remained in dispute and, therefore, reversed summary judgment for the insurer. Estoppel is not an issue in this case, and thus, Cummins is clearly distinguishable.
We conclude that the trial court committed reversible error by finding that there *904 was an ambiguity in the policy provisions and that the cancellation and notice provisions of the policy and sections 627.728 and 627.7281 applied. Summary judgment in favor of Allstate is appropriate under the facts and circumstances of this case.
REVERSED and REMANDED for entry of judgment in favor of Allstate.
DAUKSCH and PLEUS, JJ., concur.