DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SVETLANA SPIELBERG,**
Appellant,

v.

**PROGRESSIVE SELECT INSURANCE COMPANY,**
Appellee.

No. 4D19-3081

[February 10, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cymonie S. Rowe, Judge; L.T. Case No. 50-2018-CA-001096-XXXX-MB.

Andrew A. Harris of Harris Appeals, P.A., West Palm Beach; and Roy W. Jordan, Jr. of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellant.

Kenneth P. Hazouri of deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP, Orlando, for appellee.

CIKLIN, J.

Svetlana Spielberg, plaintiff below, challenges an order granting summary judgment in favor of her former automobile insurer, Progressive Select Insurance Company. The trial court's summary judgment determined that Progressive did not have a duty to notify the plaintiff, who was the first-named insured, after another named insured—the plaintiff's son—cancelled the insurance policy. Because Florida law did not require notification to the plaintiff under the facts of this case, we affirm.

The plaintiff and her son were each named insureds on the subject automobile insurance policy. On November 29, 2017, the plaintiff's son called Progressive and requested cancellation of the policy. Thereafter, on December 3, 2017, the plaintiff was involved in an automobile accident while driving a vehicle named on the subject policy. After the plaintiff notified Progressive of the accident, Progressive denied coverage, informing her that the policy had been cancelled by the other insured, her son. The plaintiff denied ever receiving notice of the cancellation and had paid her premium for the policy period 9/29/17 to 12/29/17.

The plaintiff then brought a declaratory judgment action against Progressive seeking a declaration of coverage. Each party moved for summary judgment. Relevant to the arguments raised on appeal, the plaintiff argued that Progressive failed to comply with sections 627.728(3) and 627.7281, Florida Statutes (2017), which required notice of cancellation to be provided to the first-named insured ten days prior to the effective date of cancellation. She asserted that, due to this failure, the purported cancellation was ineffective. Progressive maintained that section 627.728 applies only to *insurer-initiated cancellations*, since the plain language of the statute addresses several situations in which an insurer might cancel a policy *but does not address cancellations by an insured*. Progressive further argued that policy provisions dictated that either named insured could cancel the policy, so the cancellation by the son was effective.

The trial court looked to sections 627.728 and 627.7281, among other authority, and determined that Progressive "did not have [a] duty to notify Plaintiff after her son, a named insured, cancelled the policy." It entered judgment in favor of Progressive.

This appeal follows. The plaintiff has altered her position slightly for her arguments on appeal. She contends that section 627.7281 controls and that its plain language required Progressive to provide her, as the first-named insured, with notice of cancellation. She states that section 627.728 "is clearly not applicable to this case." We disagree.

"The interpretation of a statute central to a summary judgment is a matter of law subject to *de novo* review." *Fitzgerald v. S. Broward Hosp. Dist.*, 840 So. 2d 460, 461 (Fla. 4th DCA 2003). "A court's determination of the meaning of a statute begins with the language of the statute. If that language is clear, the statute is given its plain meaning, and the court does not 'look behind the statute's plain language for legislative intent or resort to rules of statutory construction.'" *Lieupo v. Simon's Trucking, Inc.*, 286 So. 3d 143, 145 (Fla. 2019) (internal citations omitted) (quoting *City of Parker v. State*, 992 So. 2d 171, 176 (Fla. 2008)).

> A court's purpose in construing a statute is to give effect to legislative intent, which is the polestar that guides the court in statutory construction. To discern legislative intent, a court must look first and foremost at the actual language used in the statute. Moreover, a statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts. The doctrine of *in pari materia* is

2

a principle of statutory construction that requires that statutes relating to the same subject or object be construed together to harmonize the statutes and to give effect to the Legislature's intent. Similarly, related statutory provisions must be read together to achieve a consistent whole, and where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.

*Larimore v. State*, 2 So. 3d 101, 106 (Fla. 2008) (internal citations, alterations, and quotation marks omitted).

The issue at bar is governed by chapter 627, Florida Statutes (2017), "Insurance Rates and Contracts," part XI, "Motor Vehicle and Casualty Insurance Contracts." The two statutory provisions at issue are as follows in relevant part:

627.728. Cancellations; nonrenewals

(1) As used in this section, the term:

(a) "Policy" means the bodily injury and property damage liability, personal injury protection, medical payments, comprehensive, collision, and uninsured motorist coverage portions of a policy of motor vehicle insurance delivered or issued for delivery in this state:

1. Insuring a natural person as named insured or one or more related individuals resident of the same household; and

2. Insuring only a motor vehicle of the private passenger type or station wagon type which is not used as a public or livery conveyance for passengers or rented to others; or insuring any other four-wheel motor vehicle having a load capacity of 1,500 pounds or less which is not used in the occupation, profession, or business of the insured other than farming; other than any policy issued under an automobile insurance assigned risk plan or covering garage, automobile sales agency, repair shop, service station, or public parking place operation hazards.

. . . .

(2) No notice of cancellation of a policy shall be effective unless it is based on one or more of the following grounds:

3

(a) Nonpayment of premium.

(b) Material misrepresentation or fraud.

(c) The driver license or motor vehicle registration of the named insured or of any other operator who either resides in the same household or customarily operates an automobile insured under the policy has been under suspension or revocation during the policy period or the 180 days immediately preceding its effective date . . . .

(3)(a) No notice of cancellation of a policy to which this section applies shall be effective unless mailed or delivered by the insurer to the first-named insured and to the first-named insured's insurance agent at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given. . . .

§ 627.728, Fla. Stat. (2017).

627.7281. Cancellation notice

An insurer issuing a policy of motor vehicle insurance not covered under the cancellation provisions of s. 627.728 shall give the first-named insured notice of cancellation at least 45 days prior to the effective date of cancellation, except that, when cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given.

§ 627.7281, Fla. Stat. (2017).

We address both the plain language of the statutes and the language of the subject policy.

### *The Plain Language of the Statute*

First, application of the plain language of the statutes indicates that Progressive was not required to give notice of cancellation to the plaintiff upon her son's cancellation. The plaintiff's policy is the type defined in section 627.728(1)(a): a typical motor vehicle insurance policy insuring private vehicles for personal use among members of a household and

4

providing coverage for "bodily injury and property damage liability, personal injury protection, medical payments, comprehensive, collision, and uninsured motorist coverage portions of a policy of motor vehicle insurance." Since the cancellation at issue was not for nonpayment, misrepresentation or fraud, or license suspension or revocation, section 627.728 plainly did not require notice here.

Nor was notice required under section 627.7281. That section applies to "[a]n insurer issuing a *policy* of motor vehicle insurance *not covered* under the cancellation provisions of s. 627.728 . . . ." § 627.7281, Fla. Stat. (2017) (emphasis added). Thus, section 627.7281 is worded to apply to certain *policies*, as opposed to certain types of cancellations. As Progressive points out, this plain language application has been summarized in at least two secondary sources. One article explains that "[t]he provisions of section 627.728, Florida Statutes, apply to only those policies referenced therein. Similar cancellation provisions *for other types of motor vehicle insurance policies* not specifically enumerated in [s]ection 627.728 are set forth in section 627.7281, Florida Statutes (2006)." Sarah Lahlou-Amine, *The Termination of Motor Vehicle Insurance Policies: An Insurer's Roadmap*, Trial Advoc. Q., Summer 2007, at 21 n.32 (emphasis added). Likewise, Florida Jurisprudence explains that "[section] 627.7281, Fla. Stat., which governs notice of cancellation, applies only to *policies* not subject to the notice provisions of § 627.728, Fla. Stat. . . ." 30B Fla. Jur. 2d Insurance § 1885 (2020) (emphasis added).

The policy at issue here was indeed within the class of policies covered under the cancellation provisions of section 627.728, regardless of whether or not the facts required Progressive to actually give notice. To illustrate, had Progressive cancelled due to nonpayment, it unquestionably would have been required to give notice as outlined in subsection (3)(a), since the policy falls within the definitions of subsection (1). Nevertheless, because the policy was covered under section 627.728, the plain language of section 627.7281 dictates that section 627.7281 does not apply.[1]

---

[1] Even if the plain language did not so indicate, at least two courts have interpreted sections 627.728 and 627.7281 as requiring an insurer to provide notice where the *insurer* initiates cancellation, albeit in dicta. In *Allstate Indem. Co. v. Mohan*, 764 So. 2d 901 (Fla. 5th DCA 2000), the Fifth District noted that "sections 627.728 and 627.7281 establish the procedures to be followed when the *insurer* seeks to cancel an existing policy or gives notice of non-renewal . . . ." *Id.* at 903 (emphasis added) (holding that the statutory notice requirements "are inapplicable to instances where the insurer offers to renew and the insured does not timely pay the required premium in order to accept the offer"). Similarly, the First District noted that the statutes "limit a motor vehicle *insurer*'s right to terminate policy coverage by cancellation or nonrenewal without giving

### *The Plain Language of the Insurance Policy*

In the absence of a statutory requirement to effect cancellation, the terms of the policy govern. "Under Florida law, insurance contracts are construed according to their plain meaning." *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005).

The provisions of the policy at issue indicate that, under the undisputed facts, the policy was effectively cancelled. Relevant portions of the policy provide:

> "**You**" and "**your**" mean:
>
> a. a person shown as a named insured on the **declarations page**; and
>
> b. the spouse of a named insured if residing in the same household at the time of the loss.
>
> . . . .
>
> **CANCELLATION**
>
> **You** may cancel this policy during the policy period by calling or writing **us** and stating the future date **you** wish the cancellation to be effective.
>
> . . . .
>
> JOINT AND INDIVIDUAL INTERESTS
>
> If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action

---

appropriate notice to the insured." *Hepler v. Atlas Mut. Ins. Co.*, 501 So. 2d 681, 685 (Fla. 1st DCA 1987) (emphasis added) (holding that insurer had to notify insured of renewal premium due and give sufficient notice to provide insured reasonable opportunity to make payment without lapse of coverage before it could cancel policy for nonpayment). However, the First District also noted that section 627.7281 "appears to have been added to make certain that statutory requirements for notifying an insured that coverage is about to terminate for stated reasons would apply in all cases, not just those cases covered by section 627.728." *Id.* at 686. Because the latter *Hepler* statement is also dicta, and because the case is otherwise distinguishable, we see no need to certify conflict.

of one named insured will be binding on all persons provided coverage under this policy.

Under the clear language of the policy, because the plaintiff's son was a named insured, he could effectively cancel the policy in its entirety by simply calling Progressive and communicating that he was cancelling the policy. The facts are undisputed that he did so.

The plaintiff argues that cancellation on November 29 was not effective because the policy dictates that cancellation must be for a "future date," whereas Progressive cancelled the policy on the same date. Her argument is unavailing, as illustrated by *Allstate Insurance Co. v. Doody*, 193 So. 2d 687 (Fla. 3d DCA 1967). The operative policy in *Doody* provided that "the named insured may cancel this policy by mailing to Allstate written notice stating when *thereafter* such cancellation shall be effective." *Id.* at 690 (emphasis added). The Third District explained that the word "thereafter" was of no consequence to the issues raised:

> The above provision provides a method of cancellation for the insured. However, *a policy of insurance may be cancelled by mutual consent of the contracting parties notwithstanding a provision in the policy specifying a method of cancellation.* In addition, the requirement for notice in writing and that the notice shall state when thereafter the cancellation shall be effective are for the benefit of the insurer and may be waived by the insurer. The word 'thereafter' means no more than that the insured may not select a cancellation date prior to the date of the notice.

*Id.* (emphasis added).

Here, the words "future date" are akin to "thereafter" in *Doody*. In cancelling the subject policy on November 29, the parties to the policy permissibly and mutually consented to cancellation of the policy, as reflected in the record. Alternatively, the requirement of a "future date" was for the benefit of Progressive, and thus, Progressive was free to waive the provision. Consequently, there is no issue of noncompliance with the terms of the policy that would preclude summary judgment.

Finally, we find the plaintiff's argument pertaining to the trial court's denial of her motion to compel discovery to be without merit.

*Affirmed.*

DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***